Argued June 3, reversed June 24, 1953

# STATE ex rel. POWERS v. WELCH

259 P. 2d 112

*Arthur E. Prag,* of Portland, argued the cause and filed a brief for appellant.

*Dan M. Dibble,* Deputy District Attorney, of Portland, argued the cause for respondent. With him on the brief was John B. McCourt, District Attorney, of Portland.

LATOURETTE, C. J.

Peter W. Welch, who was elected surveyor of Multnomah county on November 4, 1952, was declared by the trial court, in a quo warranto proceeding, to be ineligible to hold such office because he did not possess the qualification set forth in ch 31, Oregon Laws 1949, as follows:

"* * * a person shall not be eligible to hold the office of county surveyor unless he is registered under the laws of the state of Oregon as a registered professional engineer or a registered professional land surveyor; * * *"

It is conceded by Welch that he did not have the above qualification. From such decision Welch has appealed.

It appears that Claude G. Powers, the relator, was elected county surveyor of Multnomah county on November 2, 1948, and the judgment of the trial court, by its terms, declared that said Claude G. Powers is entitled to the occupancy and control of said office, the theory being that he holds his office until his successor is legally elected and qualified.

Appellant contends that "inasmuch as the office of county surveyor is a constitutional office, and that the constitution itself provides the qualification for this office, the legislature is powerless to prescribe additional qualifications," and that he is entitled to hold the office of county surveyor. The constitutional provisions relied on by him are as follows:

> "There shall be elected in each county by the qualified electors thereof at the time of holding general elections, a county clerk, treasurer, sheriff, coroner and surveyor, who shall severally hold their offices for the term of four years." § 6, Art VI, Oregon Constitution.
> "No person shall be elected or appointed to a county office who shall not be an elector of the county; and all county, township, precinct, and city officers shall keep their respective offices at such places therein, and perform such duties as may be prescribed by law." § 8, Art VI, Oregon Constitution.

■■ The constitution of the state, unlike that of the federal constitution, is one of limitation of powers, and, unless the legislative act is prohibited, expressly or impliedly, by the constitution, it must be held valid, and before the court will declare an act unconstitutional it must appear to be such beyond a reasonable doubt. *State v. Cochran,* 55 Or 157, 179, 104 P 419, 105 P 884.

■ The law is well established that, where a state constitution provides for certain officials and names

the qualifications for such officers, the legislature is without authority to prescribe additional qualifications unless the constitution, either expressly or by implication, gives the legislature such power. The converse is true that the legislature may create any reasonable qualifications for a legislative officer, or a constitutional officer where no qualification is prescribed in the constitution itself. The cases are legion in support of these principles, and, with one or two exceptions, are universal in so holding.

In 81 CJS 998, States, § 67, it is said:

"* * * where the constitution prescribes the qualifications for state office, the legislature can neither add to, nor detract from, the qualifications so prescribed. Persons selected by the people for a state office and eligible according to the constitution have a constitutional right to such office."

In 3 McQuillin, Municipal Corporations, 3d ed, § 12.58, p 234, we read:

"* * * If, however, the constitution prescribed the qualifications of an officer it is, of course, beyond the power of the legislature to prescribe additional qualifications. It is self-evident that a statute cannot change the qualifications fixed by the constitution; * * *"

In an annotation in 47 ALR 481, we find the following:

"With but one exception, the courts have recognized the general rule that when a state Constitution names the qualifications for a constitutional office, the legislature has no authority to prescribe additional qualifications, or to remove any of the requirements provided for in the Constitution, unless that instrument, expressly or by implication, gives the legislature such power."

Supporting the above text cases from nine jurisdictions are cited. Additional cases may be found in Permanent Volumes 1 and 2, ALR Blue Book of Supplemental Decisions.

The subject is well treated by Chief Justice Vanderbilt in the case of *Imbrie v. Marsh*, 3 NJ 578, 71 A2d 352, 356. He there stated:

> " 'It would seem but fair reasoning upon the plainest principles of interpretation, that when the Constitution established certain qualifications as necessary for office, it meant to exclude all others as prerequisites. From the very nature of such a provision the affirmation of these qualifications would seem to imply a negative of all others. * * * A power to add new qualifications is certainly equivalent to the power to vary them.' 1 Story, Commentaries on the Constitution, § 625.
>
> " 'The legislature cannot add to the constitutional qualifications of an officer.' 1 Cooley on Constitutional Limitations, 140."

The above rule is sustained in *Kivett v. Mason*, 185 Tenn 558, 206 SW2d 789, 791. In that case, one Kivett, a judge, was disbarred from the practice of law in Tennessee on account of "unprofessional conduct and dishonesty." Thereafter, the legislature enacted a law requiring, as a qualification to hold judicial office, that a judge be a practicing attorney. Thereupon, Kivett brought mandamus proceedings to oust one Mason, who had been appointed by the governor to hold his office, on the theory that a vacancy existed. Kivett contended that the qualification enacted by the legislature, that a judge must be a practicing attorney, was unconstitutional and that he still retained his judicial office, the point argued being that the constitutional qualifications for a judge were that he be "thirty years of age, and shall, before his election, have been a resident of

the state for five years, and of the circuit or district one year.'' The supreme court of Tennessee, in upholding Kivett's contention, said:

"* * * We think, however, that the Constitution on its face furnishes affirmative evidence that its authors deliberately refrained from inserting a provision which would require that only lawyers be selected as judges of the Courts for which article 6 of the Constitution provides. Nowhere in article 6 or elsewhere in the Constitution, in so far as we have been able to find, is there any reference to lawyers in connection with who shall be the judges of our Courts. * * *

"* * * * * *

"* * * This constitutional right given the voters of Claiborne County to elect whoever they please within the constitutional age and residential requirements cannot be thus abridged by the legislature. The rule applicable here is that approved by this Court quoting from Cooley's Constitutional Limitations thus: 'Another rule of construction is, that when the constitution defines the circumstances under which a right may be exercised * * * the specification is an implied prohibition against legislative interference to add to the condition'. * * *''

In the case of *State ex rel. Chenoweth v. Acton,* 31 Mont 37, 77 P 299, it appears that a county superintendent of schools is a constitutional officer and, under the constitution, must be "qualified to vote at general elections and for state officers in this state.'' The legislature passed a law that "no person shall be deemed legally qualified for the office of county superintendent unless he or she holds a certificate of the highest county grade, is a citizen of the United States, has resided one year next preceding the election in this state, and one year in the county in which he is a candidate, and has had twelve months' successful experience in teaching

in the public schools of this state." The supreme court of Montana said:

"* * * The Constitution has spoken, and it has prescribed the qualifications required of a county superintendent. The Legislature may not supplement the constitutional pronouncement upon this subject. The maxim 'expressio unius est exclusio alterius' applies."

It would serve no useful purpose to note or analyze the myriad of other cases supporting the majority rule.

The plaintiff has cited several cases which, with the exception of one, are not in point. A perusal of them discloses that the officers involved were not constitutional officers, and, if such, no constitutional qualification was prescribed.

The case principally relied on by plaintiff is *Boughton v. Price,* 70 Ida 243, 215 P2d 286, which appears to support his position but which is contrary to the great weight of authority, and, in our opinion, opposed to sound constitutional reasoning.

The trial court, in its memorandum opinion, followed the Boughton case, supra, and cited with approval *Fordyce v. State ex rel. Kelleher,* 115 Wis 608, 92 NW 430; *Ohio ex rel. Attorney General v. Covington, et al.,* 29 Ohio St 102; *State ex rel. v. Ward,* 117 Fla 585, 158 So 273; and *Jansky v. Baldwin,* 120 Kan 332, 243 P 302, 47 ALR 476. In the Wisconsin, Ohio and Florida cases, supra, the offices involved were not constitutional offices. In the Kansas case the office was a constitutional office but there were no constitutional qualifications enumerated.

It is urged that since the language of the constitution with reference to county surveyors is negative in form, i.e., "No person shall be elected", etc., such lan-

guage sets forth a minimum requirement and is not intended to limit the power of the legislature to prescribe additional requirements.

In the case of *The People v. McCormick*, 261 Ill 413, 103 NE 1053, the supreme court there said:

"* * * In our judgment, when the constitution undertakes to prescribe qualifications for office its declaration is conclusive of the whole matter, whether in affirmative or in negative form. * * *"

Again:

"* * * An act requiring a candidate for senator under certain circumstances to be nominated from a particular county of the district was held to be not within the power of the legislature, for the reason that it added to the qualifications required by the constitution by imposing the additional restriction as to residence. * * *"

And further:

"* * * It is essential to the freedom of elections mentioned in the constitution that every voter shall be permitted to choose from all eligible persons and shall not be required to choose from certain classes. As he cannot be restricted in his choice of senators to residents of a particular county, as has been mentioned, so he cannot be restricted in his choice of Governor to persons who are more than thirty-five years of age or have been citizens of the United States for ten years; in his choice of Attorney General to those who have been practicing lawyers for five years; in his choice of superintendent of public instruction to persons holding a State teacher's certificate; or in his choice of lesser officers named in the constitution to persons who have resided in the State for a period longer than one year."

■■ Referring to our own constitution, we find that the governor and legislators, as well as the county surveyor, are constitutional officers. Turning to § 2, art

V of the constitution respecting the qualifications of governor, we find the following language:

"No person, except a citizen of the United States, shall be eligible to the office of governor, nor shall any person be eligible to that office who shall not have attained the age of thirty years, and who shall not have been three years next preceding his election a resident within this state."

Again, with regard to senators and representatives, we find their qualifications set out in § 8, art VI of the constitution, as follows:

"No person shall be a senator or representative who, at the time of his election, is not a citizen of the United States; nor anyone who has not been for one year next preceding his election an inhabitant of the county or district whence he may be chosen. Senators and representatives shall be at least twenty-one years of age."

It will be noted that the language used with reference to the members of the legislature, the governor, and the county surveyor is in the negative. It could not logically be contended that the legislature would have the right by legislative enactment to enlarge the qualifications of the governor or the legislators over and above those specified in the constitution. See *Campbell v. Hunt*, 18 Ariz 442, 162 P 882. We can see no valid reason to differentiate between the constitutional offices of county surveyor and that of governor or legislators.

We therefore hold that the defendant, Peter W. Welch, is the duly elected and qualified county surveyor of Multnomah county.

Reversed.