330 P.2d 1003

Harold E. WHITNEY, Petitioner,

v.

Wesley BOLIN, Secretary of State of the State of Arizona, Respondent.

No. 6696.

Supreme Court of Arizona.

Oct. 22, 1958.

Scott, Cavness & Yankee, Phoenix, for petitioner.

Robert Morrison, Atty. Gen. of Arizona, for respondent Wesley Bolin.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for Charles C. Bernstein.

STRUCKMEYER, Justice.

This action was an original petition in mandamus to compel Wesley Bolin, Secretary of State of the State of Arizona, to designate the office of Judge of Division 2 of the Superior Court of Maricopa County, Arizona as an office for which candidates were to be nominated at the primary election on September 9, 1958. The petition in this cause was filed just prior to recess by this court on July 15, 1958. After oral argument and consideration of the points made by the parties hereto, we directed that the application for the writ be

denied. Because of the constitutional question involved, we further ordered that a written opinion issue following the summer recess.

Petitioner Harold E. Whitney alleged that the Honorable Charles C. Bernstein was elected to the office of Judge of the Superior Court of Maricopa County for a term commencing in January of 1957 and ending in January, 1961, and that he entered upon the duties of the office, becoming the presiding Judge of Division 2 of the Superior Court of Maricopa County; that thereafter he filed with respondent Wesley Bolin as Secretary of State, nomination papers qualifying him as candidate for the office of Judge of the Supreme Court of Arizona. It is further alleged that by so doing, the office of Judge of the Superior Court of Division 2 became vacant; that by reason thereof, petitioner filed with the Clerk of the Board of Supervisors of Maricopa County nomination papers as a candidate therefor, subject to the Democratic primary on September 9, 1958; that petitioner was informed that his nomination petitions could not be accepted because respondent Wesley Bolin as Secretary of State did not list a vacancy in the office of Judge of Division 2 of the Superior Court of Maricopa County. We were asked to require respondent to comply with the provisions of § 16-501, A.R.S.1956 by designating the office of Judge of Division 2 of the Superior Court of Maricopa County as an office for which candidates were to be nominated at the primary election.

█ The act which petitioner desired the Secretary of State to perform is ministerial and as such, its performance may be commanded by mandamus. Adams v. Bolin, 74 Ariz. 269, 247 P.2d 617, 33 A.L.R. 2d 1102. However, respondent while admitting that he had refused to designate the office of Judge of Division 2 of the Superior Court of Maricopa County, Arizona, as an office for which candidates were to be nominated at the primary election on September 9, 1958, urged that § 38-296 A.R.S.1956, if applied to restrict the right of a Superior Court Judge to run for the Supreme Court during his term of office as a Superior Court Judge, would be unconstitutional and void.

Section 38-296 provides in substance that no incumbent of an elective office shall be eligible for nomination or election to any office other than the office so held. As a penalty for violation it is provided that " * * * the office held by such person shall be declared vacant." Assuming for the purpose of this opinion that the penalty provision is self-executing, it is plain that were the statute enforceable in the present case, then Charles C. Bernstein, as Judge of the Superior Court of Maricopa County, by filing petitions for nomination for the Supreme Court, was disqualified

from any longer holding the office of Judge of the Superior Court, and a vacancy was created thereby, for which office candidates might have submitted their qualifications to the electorate at the primary election.

 In deciding whether § 38–296 has application to judicial offices, we consider that the power of the legislature is plenary and unless that power is limited by express or inferential provisions of the Constitution, the legislature may enact any law which in its discretion it may desire. Roberts v. Spray, 71 Ariz. 60, 223 P.2d 808. We consider also that every intendment must be indulged by the court in favor of the constitutionality of legislative enactment. Giss v. Jordan, 82 Ariz. 152, 309 P.2d 779.

The Constitution of this state in Art. 6, § 13, A.R.S., provides for the qualifications of Judges of the Supreme Court:

"No person shall be eligible for the office of judge of the Supreme Court, unless he shall be learned in the law, at least thirty years of age, and shall have been a judge of, or admitted to practice before, the highest court of Arizona for at least five years, and shall have been a resident of Arizona for five years next preceding his election."

It is apparent that if a Judge of the Superior Court is not eligible for nomination or election to the office of Judge of the Supreme Court, then an additional qualification, both new and distinctive, has been superimposed upon those specified in the Constitution.

 It is our opinion that the constitutional specifications are exclusive and the legislature has no power to add new or different ones. The qualifications fixed in the Constitution are exclusive for the reason that if it were not intended by the framers thereof to fix all the qualifications, then it must have been intended to fix only a part and leave it to the legislature to fix others. Such a view is inconsistent with accepted constitutional construction that the enumeration of certain specified things in a constitution will usually be construed to exclude all other things not so enumerated. Positive directions in a constitution contain an implication against anything contrary to them. Indeed, were the framers to intend otherwise, they would have created the office with directions that the legislature could or should fix other qualifications.

 It is established that where a state constitution provides for certain officials and names the qualifications, the legislature is without authority to prescribe additional qualifications unless the constitution further, either expressly or by implication, gives the legislature such powers. Collected cases 34 A.L.R.2d 171. We rec-

ognized this rule in Campbell v. Hunt, 18 Ariz. 442, 453, 162 P. 882, 886, wherein we said:

"The qualifications for Governor are specifically detailed in the Constitution, and the Legislature is therefore powerless to add to or detract from the qualifications prescribed."

Other courts have adopted a similar construction for their constitutions. For example, in Imbrie v. Marsh, 3 N.J. 578, 71 A.2d 352, 356, 18 A.L.R.2d 241, the court, speaking through Chief Justice Vanderbilt, quoted with approval from 1 Story, Commentaries on the Constitution, § 625:

"It would seem but fair reasoning upon the plainest principles of interpretation, that when the Constitution established certain qualifications as necessary for office, it meant to exclude all others as prerequisites. * * *"

Petitioner argued that the case of Boughton v. Price, 70 Idaho 243, 215 P.2d 286, supports his position. The point which was raised here was made there; that if the Constitution imposes qualifications in a negative form, i.e. ["No person shall be eligible * * *"] the qualifications set forth are not exclusive. The authorities relied on in support of the principle enunciated in Boughton v. Price were considered in State ex rel. Powers v. Welch, 198 Or. 670, 259 P.2d 112, 115. They were dis-tinguished by the Oregon court, and we think properly so, as either (1) constitutional offices were not involved, or (2) if constitutional offices, then no qualifications were enumerated. The rule set forth in Boughton v. Price was not followed by the Oregon court nor was it followed in Illinois. People ex rel. v. McCormick, 261 Ill. 413, 103 N.E. 1053. The negative aspect of the constitutional provision in California was also commented upon by the District Court of Appeals in the following language:

"While the proposition is negatively stated * * * the only reasonable interpretation thereof is that it was intended thereby to fix the qualification of such judges, in the respect in question, and to provide that the person possessing the named qualification was, in so far as such subject matter is concerned, qualified to hold the office of judge or justice of such courts." Chambers v. Terry, 40 Cal.App.2d 153, 104 P.2d 663, 666.

We conclude that any distinction between the statement of the constitutional qualifications in the negative as opposed to the affirmative is so tenuous that there is no reasonable basis for its existence.

Our conclusion that the constitution has pre-empted the area of qualifications for the office of Judge of the Supreme Court is fortified by yet another of its provisions. By Art. 6, § 11, it is provided:

"Judges of the Supreme Court and judges of the superior courts shall not be eligible to any office or public employment other than a judicial office or employment, during the term for which they shall have been elected."

This section denies to judicial officers the right to hold public employment during the term for which they have been elected in any branch of the Government except the judiciary. However, it specifically permits Judges of the Supreme Court and of the Superior Court to seek other judicial offices. Clearly, § 38–296, if applied to the instant case, would conflict with the express language of Art. 6, § 11. The conflict thus created must necessarily be resolved in favor of the Constitution and any attempt to apply the statute in derogation thereof must fail.

■ If we consider that the statute § 38–296 is applicable to the office of Supreme Court Judge and prohibits one who is constitutionally qualified from seeking that office, then we would be compelled to conclude that the Act is invalid and unconstitutional as a whole. We do not so consider. The statute has no application to the constitutional office of Supreme Court Judge. We hold that Charles C. Bernstein as Judge of the Superior Court is eligible for nomination and election to the Supreme Court and the office he now holds is not vacated under the penalty provisions of the

Act. We do not at this time pass upon the effect of the statute on any other public office.

For the reasons stated, the application for the writ is denied.

UDALL, C. J., and WINDES, PHELPS and JOHNSON, JJ., concur.