Argued December 1, 1971, affirmed January 28, petition for
rehearing denied February 23, petition for review denied
April 11, petition for writ of certiorari denied by U.S.
Supreme Court October 10, 1972

## COX, *Appellant, v.* McNAMARA ET AL (No. 363-672), *Respondents.*

493 P2d 54

*Howard R. Lonergan,* Portland, argued the cause and filed the briefs for appellant.

*Richard A. Braman,* Senior Deputy City Attorney, Portland, argued the cause for respondents McNamara and City of Portland. With him on the brief was Marian C. Rushing, City Attorney, Portland.

*Lyndon A. S. Wilson, Jr.,* Portland, argued the cause for respondent Portland Police Association. With him on the brief was Stanley E. Erickson, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

This appeal is from a decree dismissing a class suit of plaintiff, a Portland policeman, requesting a declaratory judgment that the general order[1] issued

---

[1]
"1970 Memo—G.O. #12
To: All Concerned
Subject: Extra Employment
"Effective November 13, 1970, section 2 212 of the Manual of Rules and Procedures will be superseded by this order.

■■■■■■■■■■■■■■■■

by defendant Police Chief McNamara restricting off-duty employment by police personnel is invalid and enjoining its enforcement.

Plaintiff contends that the exceptions to the regulation make it so arbitrary and discriminatory that it violates the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States.

■■ It is clear that a regulation absolutely prohibiting the off-duty employment of police personnel

---

■■■■■■■■■■■■

"No member shall engage in any work, occupation, profession, business, partnership, self-employment or management of another's property, except as provided herein.

"EXCEPTIONS

"1. Members are permitted, without specific approval of the Chief of Police, to make investments, rent their own property to another (unless a business license is required), and enter into partnerships which are operated exclusively by others, provided that such investment, rental or partnership is not likely to jeopardize the reputation of the member or the Bureau of Police.

"2. Officers may teach law enforcement subjects at accredited institutions of higher learning, with the approval of the Chief of Police.

"3. Officers may engage in extra employment which is designed to improve the police image (e.g., write articles for professional journals), with the approval of the Chief of Police.

"4. Officers who, as a result of this order, have been exposed to a severe financial hardship may request to be temporarily excepted. Temporary exemptions, not to exceed six months, may be granted provided the officer submits a complete financial statement which justifies such exemption.

"5. Officers who have attempted to disengage from any activity prohibited by this order (e.g., advertise a business for sale at a fair market price), but have not been successful by the effective date of this order, shall be granted a temporary exemption, not to exceed six months, providing evidence of such attempt is submitted."

is constitutionally permissible. *Croft et al v. Lambert,* 228 Or 76, 357 P2d 513 (1961); Annotation, 88 ALR2d 1235 (1963). Some of the legitimate objects to be accomplished by such a regulation are: to increase efficiency during off-duty hours; to help insure that the officers are available for police duty 24 hours a day; to avoid potential conflicts of interest; and to prevent any possible detrimental effect on the image of the police force because of the type of employment held by officers while off duty. Plaintiff contends that the regulation did not have a legitimate purpose because it was promulgated pursuant to a labor agreement. We do not understand how this fact detracts from the otherwise legitimate objects served by such a regulation.

■ Plaintiff also claims that the exceptions to the regulation discriminate between members of the police force. Where a classification is attacked as unreasonable, the party attacking it has the burden of proving that the classification is unreasonable. *Croft et al v. Lambert,* supra at 84. Plaintiff has not met this burden. The exceptions allow police officers to have investments or businesses which do not require an occupational license or require active participation by the officer and are not detrimental to the image of the department. The teaching of law enforcement subjects, as well as other extra employment which improves the police image, such as writing for professional periodicals, is also excepted. Provision is made for the continuation of present employment for a period of six months when the transition causes hardship. The exceptions on their face seem to be designed to further the legitimate objects of the regulation. Plaintiff's proof goes only to the fact that the regulation allows some police officers to engage in off-duty employment, while pro-

hibiting others from holding such employment. This merely establishes that a classification has been made and in no way establishes that the classification is unreasonable.

■ We find that the regulation restricting off-duty employment by police personnel and its exceptions are reasonable and not inconsistent with proper and effective internal police administration.

Affirmed.