Argued August 21, affirmed October 7, 1974

WILLIAMS, *Appellant, v.* SCHRUNK ET AL
(No. 379292), *Respondents.*
527 P2d 1

*Edward Brekke,* Milwaukie, argued the cause and filed the brief for appellant.

*Thomas R. Williams,* Deputy City Attorney, Portland, argued the cause for respondent. With him on the brief was John W. Osburn, City Attorney, Portland.

Before Schwab, Chief Judge, and Fort and Tanzer, Judges.

FORT, J.

Plaintiff, formerly a Portland city policeman, resigned that position. Thereafter, he sought refund of the compulsory contributions deducted from his pay and transferred to the Portland Fire and Police Disability and Retirement Fund. Following trial by the court upon the merits, judgment was entered against him and he appeals.[1]

---

[1] We note this matter is before us for the second time. Previously, we held that the trial court did have subject matter jurisdiction of the complaint even though action was brought after the

Plaintiff's sole assignment of error challenges the constitutionality of the Charter of the City of Portland, ch V, Art 1, § 5-113.

The parties agree that plaintiff became a member of the Portland city police force on August 5, 1965, and voluntarily terminated his employment October 16, 1969. Pursuant to regular deductions from his pay, $2,300.07 was paid into the said fund as the charter required.[2] It is undisputed his employment was for less' than five years.

The fund in question was created by the Charter of the City of Portland, ch V, made effective by vote of the people on July 1, 1949. *Adams v. Schrunk*, 6 Or App 580, 488 P2d 831, Sup Ct *review denied* (1971).

---

60-day period allowed by the city charter for review of a decision of the board of trustees of the said fund. Williams v. Schrunk, 14 Or App 61, 511 P2d 1252 (1973). We also held the complaint stated a cause of action.

[2] The Charter of the City of Portland, ch V, § 5-102, Sources of Fund, states:

"Said Fund shall consist of the following:

"1. Compulsory contribution to the Fund from each member amounting to seven per cent (7%) of his then current salary but not to exceed seven per cent (7%) of the then current salary of a first class fire. fighter, or whatever name said position shall hereafter bear, for members of the Bureau of Fire, and not to exceed seven per cent (7%) of the then current salary of a first class patrolman, or whatever name said position shall hereafter bear, for members of the Bureau of Police, and from each temporary member a contribution to the Fund amounting to four per cent (4%) of his then current salary."

Section 5-105, Salary Deductions, provides:

"It shall be the duty of the Auditor, in making out regular salary warrants, to deduct and withhold from the salary of each member the amount above provided during all the time such member may be in the employ of said Bureau of Fire or said Bureau of Police. It shall be the duty of the Auditor to draw a warrant for the total amount so withheld payable to the Fund at the times regular salaries are paid."

The dispute here centers around the Charter of the City of Portland, ch V, Art 1, § 5-113, which states:

"Section 5-113. Retirement, Resignation, and Discharge

"* * * * *

"Any member who shall resign after five (5) years of active service shall receive at that time a refund of all his contributions made as a regular member during his entire service in his Bureau, less the amount of non-service connected disability benefits paid to him from the Fund or previously established pension funds.

"* * * * *

"Contributions made by a member while he was a temporary employe shall not be included in computing contributions made by him for refunds. *Any member who shall resign or be discharged before completing five (5) years of active service shall not be entitled to refunds of any contributions paid * * *.*" (Emphasis supplied.)

We note first that there is no claim here of fraud or estoppel or of any misrepresentation by the city to plaintiff concerning the existence, meaning, content or intent of § 5-113. Indeed, in his brief, counsel for plaintiff states that "the only question is whether" or not the challenged provision of § 5-113 "is constitutional."

The trial court held § 5-113 was constitutional, that the relationship between plaintiff and the city was a contractual one, and concluded that under § 5-113, he was therefore not entitled to the claimed refund.

Plaintiff contends that § 5-113 violates Oregon

Constitution, Art IV, § 1A[9] and Art XI, § 2[10]. We agree with defendants, who state in their brief:

"* * * We do not understand Plaintiff's citation to the Oregon Constitution."

■ We can see no connection between either provision and the problems here presented, nor does plaintiff's brief direct us to any. There is no merit to these contentions.

Plaintiff further contends that § 5-113 contravenes the Due Process Clause of the Fourteenth Amendment to the United States Constitution "by taking funds of the plaintiff without just compensation, and further it offends the basic notion and principle of fair play and justice, and constitutes an overreaching."

If we correctly understand plaintiff's brief, his primary contention is that the classification in § 5-113 between policemen serving more than five years, who upon resigning, are entitled to refund of payments

---

[9] Oregon Constitution, Art IV, § 1, states:

"(1) The legislative power of the state, except for the initiative and referendum powers reserved to the people, is vested in a Legislative Assembly, consisting of a Senate and a House of Representatives."

There is no section 1A.

[10] Oregon Constitution, Art XI, § 2, states:

"Corporations may be formed under general laws, but shall not be created by the Legislative Assembly by special laws. The Legislative Assembly shall not enact, amend or repeal any charter or act of incorporation for any municipality, city or town. The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the Constitution and criminal laws of the State of Oregon, and the exclusive power to license, regulate, control, or to suppress or prohibit, the sale of intoxicating liquors therein is vested in such municipality; but such municipality shall within its limits be subject to the provisions of the local option law of the State of Oregon."

made into the fund, and those policemen who, as plaintiff, resign prior to having served five years, is an unreasonable one and thus violates the Equal Protection Clause.

■ The burden is on the person attacking the validity of a legislative classification to establish that it is unreasonable. *Croft v. Lambert,* 228 Or 76, 84, 357 P2d 513, 88 ALR 2d 1227 (1961).

In *Flamingo Motel v. Port of Portland,* 9 Or App 599, 497 P2d 673, Sup Ct *review denied* (1972), we said:

> "The authorities are uniform that one who attacks the unreasonableness of a classification established by a statute or ordinance has the burden of proving that the classification is unreasonable. See, for example, *Croft et al v. Lambert,* 228 Or 76, 357 P2d 513 (1961); *Cox v. McNamara,* 8 Or App 242, 493 P2d 54, Sup Ct *review denied; cert denied* 409 US 882, 34 L Ed 2d 137 (1972). * * *" 9 Or App at 606.

This burden is not a light one. In *Mallatt v. Luihn,* 206 Or 678, 294 P2d 871 (1956), the court said:

> "It is well established that the courts will not undertake to disturb a legislative classification unless the legislature could not have had any reasonable grounds for believing that there were valid public considerations for the distinction made. *Dominion Hotel, Inc. v. Arizona,* 249 US 265, 268, 63 L ed 597, 39 S Ct 273; *Savage v. Martin,* 161 Or 660, 693-694, 91 P2d 273. * * *" 206 Or at 702.

■ Here the defendants point to several reasons, unchallenged by plaintiff, which afford a rational basis for the classification — for example, that during the first five years on the force, a policeman has the greatest likelihood of sustaining a service-connected

disability, an item which is payable from the fund. Furthermore, such a provision reasonably could provide an important incentive to a young officer to remain on the force who, despite the city's heavy investment in his early training, might otherwise resign. We conclude that § 5-113 does not violate the Equal Protection Clause.

Finally, the plaintiff contends the trial court erred in deciding the case on a contractual basis and not on the question of constitutionality.

■ In *Taylor v. Mult. Dep. Sher. Ret. Bd.*, 265 Or 445, 510 P2d 339 (1973), the Oregon Supreme Court said:

"Oregon has joined the ranks of those rejecting the gratuity theory of pensions and has held that contractual rights to a pension can be created between the employee and the employer. * * *

"* * * * *

"We conclude from the above authorities that Oregon has adopted not only the contractual concept of pensions, but, also, the concept that contractual rights can arise prior to the completion of the service necessary to a pension. * * *" 265 Or at 450-51.

■ It follows that the court did not err in applying the "contractual basis," as plaintiff describes it. Clearly, a valid contract between plaintiff and defendants was created when plaintiff entered defendants' employ as a policeman. Both parties acquired rights and assumed obligations thereunder. One of these provisions was § 5-113, and the parties accordingly are bound thereby.

We conclude that the claim that the city has taken "funds of appellant without just compensation" is

without merit, that the contract between plaintiff and the city is a valid one, and that his claim of "over-reaching" has no merit.

Affirmed.