FRYE,
*Petitioner,*

*v.*

PUBLIC EMPLOYES RETIREMENT SYSTEM,
*Respondent.*

(CA A26459)

679 P2d 875

Greg Veralrud, Eugene, argued the cause and filed the brief for petitioner.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Rossman, Judges.

WARDEN, J.

## WARDEN, J.

Petitioner served as an Oregon circuit court judge from July, 1971, to March, 1980, when she voluntarily resigned from that office to become a United States District Court judge. During her tenure as a state judge, she made contibutions to the Judges' Retirement Fund (Fund), as was then required by ORS 1.310 to 1.390.[1] After resigning, she applied to the Public Employes Retirement System (PERS) for return of those contributions. Petitioner appeals from PERS's final order denying her claim, and we affirm.

■ ORS 1.360 requires, with exceptions not material here, that "seven percent shall be deducted from the monthly salary" of each judge "and paid into the fund." The eligibility of judges to receive retirement pay after they retire and have attained the age of 65 is defined by ORS 1.314 to 1.326. In general terms, eligibility is a variable of age and the duration of service during which contributions to the fund were made; a judge cannot become eligible for retirement pay if he or she has held judicial office for less than 12 years or two full terms. However, under ORS 1.330, a judge who has served for not less than six years or one full judicial term — and certain former judges — can be eligible for benefits equivalent to retirement pay in the event of physical or mental incapacity. Petitioner was a state judge for less than 12 years and is not incapacitated.

The statutes specify no other circumstances under which payments can be made from the fund *to a judge.* However, ORS 1.340(4) provides that, under specified circumstances, pensions are payable from the fund to the surviving spouse of a judge who was not eligible for retirement pay at the time of death. ORS 1.340(8) provides that a surviving spouse who is not entitled to such a pension "shall receive an amount equal to the aggregate" contributions the judge paid into the fund. *See also* ORS 1.346 (pertaining to refunds of contributions to a judge's surviving children).[2]

---

[1] The judicial retirement system was substantially revised by Or Laws 1983, ch 770, but the 1983 legislation is not relevant to this appeal. Unless otherwise noted, the statutory references in this opinion are to the provisions that were in effect at the time of petitioner's resignation.

[2] ORS 237.113 provides that, under certain circumstances, a judge's contributions to the fund may be transferred to his or her existing or subsequently created account with the Public Employes Retirement System.

Petitioner contends that, because she is not entitled to retirement pay or other benefits from the fund, she is entitled to recover the contributions she made to it. She argues that the statutes should be construed to allow her recovery of the contributions and that, if they cannot be so construed, they are unconstitutional.

The parties agree that, under Oregon case law, statutory retirement systems for public employes are contractual in nature and that they confer "a vested contractual right at the time of acceptance of employment." *Gantenbein v. PERB,* 33 Or App 309, 315, 576 P2d 1257, *rev den* 282 Or 537 (1978). However, the parties draw different conclusions from that initial premise. Petitioner argues that, because her rights under the retirement statutes are contractual, she has a property interest in her contributions, and so the controlling statutes should be construed to avoid a forfeiture of that interest. PERS argues that petitioner's contract rights are limited to what the statutes confer, that she has not completed performance of the conditions the statutes establish as prerequisites to her receipt of benefits and that the statutes do not provide for return of contributions to a judge who has not qualified for benefits.

Although the fact that statutory pension systems are viewed as contractual is relevant in some contexts, we think that the contract analysis tends to obscure the statutory issue here. The real disagreement between the parties is about what the statutes mean: petitioner contends that, because ORS 1.310 *et seq* does not expressly provide that contributions to the fund will not be returned to former judges who do not qualify for retirement pay or other benefits, the statutes are ambiguous on the point and should be construed against a forfeiture and against the party—the legislature—that drafted them; PERS argues, *inter alia,* that the statutes are not rendered ambiguous by the fact that they do not spell out everything they do *not* mean and that their comprehensive description of the payments that can be made from the fund means that any payments the statutes do not specify are precluded. The question is one of first impression, and we agree with PERS's interpretation.[3]

---

[3] PERS cites decisions from other jurisdictions which have construed judicial retirement statutes in the way PERS interprets the Oregon statutes. *See, e.g., Horowitz v. State of Wash. Dept. of Retirement,* 96 Wash 2d 468, 635 P2d 1078 (1981). The reasoning of those cases is instructive, but the holdings are not directly relevant to our construction of the Oregon statutes.

■■ Petitioner's argument might be more persuasive, although still far from compelling, if the statutory provisions for payments from the fund addressed only retirement pay, pensions and other benefits and did not also establish *some* rights to recover the contributions of judges who do not qualify for benefits. However, ORS 1.340(8) provides, in effect, that, if a judge or his or her survivors are ineligible for benefits under other provisions, the judge's surviving spouse is entitled to payment from the fund of an amount equal to the judge's total contributions. Under ORS 1.346, the surviving children of a judge who served for less than six years and died without leaving a surviving spouse are entitled to reimbursement for the judge's contributions. Accordingly, the statutes are not silent about whether contributions are refundable; they are refundable to a spouse and, sometimes, to children who survive a judge, and they therefore cannot be payable to the judge. It is immaterial in this case that the statutes do not provide for a refund of contributions in every instance where the contributing judge or his or her survivors are ineligible for benefits, *e.g.,* a judge who dies without leaving a surviving spouse or surviving children. ORS 1.340(8) and 1.346 demonstrate that the legislature considered whether and under what circumstances contributions could be refunded, and the legislature did not provide for refunds to judges. We hold that petitioner has no statutory right to recover her contributions to the fund, and we turn to her constitutional arguments.

■ She argues first that she was denied due process, because she had no notice or opportunity to be heard before PERS "denied her letter claim." The point of the argument is not apparent. Petitioner was afforded a contested case proceeding pursuant to ORS 183.413 *et seq,* and she does not complain about any of the procedures followed in connection with it. If her point is that those procedures came only after the administrative denial of her claim, we are aware of no due process requirement that a person claiming a lump sum refund of the kind sought by petitioner must be afforded a preliminary hearing comparable to a pre-termination hearing.

■■ Petitioner's next constitutional contention is that her property was taken without just compensation, in violation of the due process clauses of the Fifth and Fourteenth Amendments and in violation of Article I, section 18, of the Oregon Constitution. We disagree. Constitutional prohibitions

against the taking of private property for public use without just compensation do not prohibit private parties and the government from entering contractual agreements as to what shall be just compensation. *Albrecht v. United States,* 329 US 599, 603, 67 S Ct 606, 91 L Ed 532 (1947); *see also Williams v. Schrunk,* 19 Or App 165, 527 P2d 1 (1974).

■　　　We also disagree with petitioner's argument that her rights to equal protection of the laws under the Fourteenth Amendment and to equal privileges and immunities under Article I, section 20, of the state constitution are violated by the statutory disparities between the treatment of judges in petitioner's position and judges who are eligible for benefits or who enjoy other advantages that the statutes do not confer on petitioner and comparably situated judges. *See Gantenbein v. PERB, supra; Williams v. Schrunk, supra; see also State v. Clark,* 291 Or 231, 240-41, 630 P2d 810 (1981) (when statutes are challenged because of classifications that have their origins in the statutory scheme, "[a]ttacks on such laws as 'class legislation' * * * tend to be circular and * * * have generally been rejected whenever the law leaves it open to anyone to bring himself or herself within the favored class on equal terms.")

■　　　Petitioner's final argument is that the effect of making her contributions nonrefundable and of not providing her with benefits from the fund was to diminish her salary during her term of office, in violation of Article VII (Amended), section 1, of the Oregon Constitution. PERS answers:

> "Petitioner's position is that unless the value of her contributions to the retirement fund is returned to her, the salary set for judges by statute (ORS 292.415) will have been unconstitutionally diminished. What petitioner's argument overlooks is that ORS 1.310 to 1.390 also were duly enacted laws when petitioner took office, and petitioner's entitlement to compensation was determined by those statutes as well."

We agree generally with PERS. Although ORS 1.310 to 1.390 were amended in various respects during petitioner's tenure as a circuit court judge, none of the amendments affected the amount of her required contributions to the fund or her eligibility for payments from the fund upon resigning her office after less than 12 years of service.

　　　Affirmed.