WESTRAC, INC., a Colorado corporation, Plaintiff–Appellant and Cross–Appellee,

v.

WALKER FIELD, COLORADO, PUBLIC AIRPORT AUTHORITY, Defendant–Appellee and Cross–Appellant.

No. 89CA1993.

Colorado Court of Appeals, Div. V.

April 25, 1991.

Rehearing Denied May 30, 1991.

Opinion by Judge NEY.

Plaintiff, Westrac, Inc., appeals the summary judgment entered in favor of defendant, Walker Field, Colorado, Public Airport Authority. Defendant cross-appeals the trial court's denial of attorney fees. We affirm.

Plaintiff is a rental car agency which has no facilities at Walker Field, the Grand Junction airport, but picks up or drops off customers there. Currently, plaintiff is the only off-airport rental car agency, though there are other rental car agencies located on the airport premises.

Defendant adopted a resolution requiring all off-airport rental car agencies to pay defendant ten percent of gross revenues derived from its customers picked up at the airport. On-airport rental car agencies pay the greater of ten percent of gross revenues derived from all passengers or an agreed-upon minimum dollar amount. Plaintiff brought this action alleging that the charge is an illegal tax to raise revenues, an unconstitutional income tax on gross revenues, or, in the alternative, an unreasonable and confiscatory fee. The trial court granted defendant's motion for summary judgment on all issues raised by plaintiff but denied defendant's motion for attorney fees.

### I.

Plaintiff contends that the district court erred in its ruling that the charge in question is neither an illegal or unconstitutional tax nor an impermissible fee. We disagree.

### A.

Golden, Mumby, Summer & Livingston, J. Richard Livingston, Grand Junction, and Comfort, Lipe & Green, P.C., Nancy Glisan Gourley, Tulsa, Okl., for plaintiff-appellant and cross-appellee.

Williams, Larson, Foster & Griff, Harry Griff, Grand Junction, for defendant-appellee and cross-appellant.

Plaintiff first argues that the ten-percent charge is a tax on gross revenues and, as such, is an income tax prohibited by Colo. Const. art. X, § 17 and, further, exceeds the statutory powers granted to an airport authority. Defendant, while agreeing that it has no authority to impose taxes in order to generate revenue, asserts that the charge is not a tax, but rather a user fee

authorized by § 41–3–106(1)(f) and (h), C.R.S. (1984 Repl.Vol. 17).

Plaintiff relies on *Board of Trustees v. Foster Lumber Co.*, 190 Colo. 479, 548 P.2d 1276 (Colo.1976), and *Mountain States Telephone & Telegraph Co. v. City of Colorado Springs*, 194 Colo. 404, 572 P.2d 834 (Colo.1977) in support of its argument that the ten-percent fee is an illegal income tax. However, *Board of Trustees* and *Mountain States* involved an involuntary occupational license tax levied by a municipality on a percentage of all gross revenues received by the businesses in question. Here, in contrast, defendant seeks to impose a user fee only on that portion of gross revenues directly related to use of the facility.

■ Further, the mere fact that a fee is based on a portion of a company's gross revenues does not convert an otherwise lawful user fee into an illegal income tax. *See Ginsberg v. City & County of Denver*, 164 Colo. 572, 436 P.2d 685 (1968); *Rocky Mountain Motor Co. v. Airport Transportation Co.*, 124 Colo. 147, 235 P.2d 580 (1951).

The distinction between a fee and a tax does not depend upon its label but rather on the nature and function of the charge. *See Cherry Hills Farms, Inc. v. City of Cherry Hills Village*, 670 P.2d 779 (Colo. 1983). Therefore, we must examine the purpose and use of the charge in question.

Although defendant receives money each year from the Federal Aviation Administration pursuant to the Airport and Airway Improvement Act, 49 U.S.C.App. § 2201, et seq. (1988) in order to finance specific airport improvements, it must rely on revenues received from its rental and fee structure to generate monies necessary for the actual cost of operating the airport. These actual costs include not only expenses of day-to-day operation, but retirement of existing debts, replacement and improvement of facilities, and a reasonable contingency reserve. To generate these necessary monies, §§ 41–3–106(1)(f) and (h), C.R.S. (1984 Repl.Vol. 17) authorize the imposition of rents, fees, and charges upon airport ten-

ants and the public who wish to access the airport for business and personal reasons.

■ Rates charged for use of a public facility owned by a municipal corporation ordinarily are not considered taxes because their purpose is to defray the expense of operating and improving the facility and because they are imposed only upon those using the service provided. Taxes, on the other hand, are not based on the amount of use, and the proceeds are used to defray general municipal expenses. *See Flamingo Motel & Restaurant, Inc. v. Port of Portland*, 9 Or.App. 599, 497 P.2d 673 (1972).

Defendant asserts that it has developed a rent, fee, and charge structure that is intended to generate revenues necessary to satisfy its annual expenses without generating windfall profits. The trial court implicitly agreed, and that conclusion is supported by annual audited financial statements that were not challenged by plaintiff.

■ Because defendant is acting in a proprietary, rather than in a governmental capacity, *see City of Northglenn v. City of Thornton*, 193 Colo. 536, 569 P.2d 319 (1977), the adoption of a fee and charge structure for the privilege of non-aeronautical parties doing business at the airport is, generally speaking, governed by the same rules and regulations that apply to a private land owner. *Rocky Mountain Motor Co. v. Airport Transportation Co., supra.*

The question of whether a percentage of gross revenue fee imposed by an airport authority in consideration of a ground transportation company's right to do business on the airport is an illegal tax has been addressed in other jurisdictions and answered in the negative. *See Toye Brothers v. Irby*, 437 F.2d 806 (5th Cir.1971); *Flamingo Motel & Restaurant, Inc. v. Port of Portland, supra; Airline Car Rental v. Shreveport Airport Authority*, 667 F.Supp. 303 (W.D.La.1987).

■ Charges imposed upon a non-aeronautical business, such as plaintiff, for accessing the airport have been found to be

valid user fees in Colorado. In *Rocky Mountain Motor Co., supra,* taxicabs accessing Stapleton International Airport were required to pay a ten-percent fee. There, the court stated that the "airport may be controlled by the city in every legal sense as a private owner." Similarly, a service charge based on a percentage of the purchase price of admission tickets to a city-owned stadium was not a tax. "Having the power to lease, the City has authority to agree by contract on the 'service charges' to be collected from those who make use of the facility." And, "the reasonable conditions set forth in the user agreements, the objective of which is to accomplish the purposes intended by the overall transaction, are well within the powers conferred upon the City." *Ginsberg v. City & County of Denver, supra.*

We conclude that the charge is not a tax. It is a permitted fee used to defray overall expenses of operating the airport and imposed only upon that portion of plaintiff's revenues which are generated by passengers who arrive at the facility. Therefore, the charge is directly related to plaintiff's use and the benefit thus afforded. While the fee may not reflect with mathematical precision the relationship between defendant's costs and plaintiff's benefits, such precision is not required. *City of Montrose v. Public Utilities Commission,* 732 P.2d 1181 (Colo.1987).

The trial court having correctly determined that the fee charged to plaintiff was neither a tax intended to raise general revenue nor a tax on income, we perceive no error in granting summary judgment on these issues.

### B.

Plaintiff finally asserts that the trial court erred in its finding that defendant is not constrained by a standard of reasonableness, which plaintiff implies is a standard more restrictive than arbitrary and capricious, in assessing a fee for use of its public facility. We again disagree.

Plaintiff contends that, because the ten-percent fee is not based upon defendant's cost of providing access to its facility, the fee is violative of an "implicit standard of reasonableness" under § 41–3–106, C.R.S. (1984 Repl.Vol. 17), even though such reasonableness is not expressly required by the statute. Plaintiff finds support for this perceived implicit standard of reasonableness in the general principle that exercise of the police power must always be reasonable. *See Houston v. Kirschwing,* 117 Colo. 92, 184 P.2d 487 (Colo.1947); *Moffitt v. City of Pueblo,* 55 Colo. 112, 133 P. 754 (1913).

■ While we do not quarrel with the general premise that governmental regulation must be reasonable, here we have analogous specific statutory guidance. The General Assembly, in its regulation of public utilities, as contrasted with the statutory grant of power to airport authorities, requires that rates be "just and reasonable" and declares unlawful "every unjust or unreasonable charge." Section 40–3–101(1), C.R.S. (1984 Repl.Vol. 17). This statutory language demonstrates its awareness of the consideration of reasonableness necessary in regulating certain public enterprises. However, inasmuch as § 41–3–106, C.R.S. (1984 Repl.Vol. 17) does not contain a similar restriction of reasonableness, we conclude that an airport authority's discretion under that statute is broad and subject only to limitations imposed by constitutional and federal statutory constraints.

Plaintiff concedes that under the criteria set forth by the Supreme Court in *Evansville–Vanderburgh Airport Authority District v. Delta Airlines, Inc.,* 405 U.S. 707, 92 S.Ct. 1349, 31 L.Ed.2d 620 (1972), similar fees have been found to be lawful and enforceable. Accordingly, plaintiff has not challenged the fee on any federal statutory or constitutional grounds.

Plaintiff's reliance on *Rocky Mountain Airways, Inc. v. County of Pitkin,* 674 F.Supp. 312 (D.Colo.1987) is misplaced. That holding involved landing fees to be charged an airline. Such fees were required to be reasonable by the Federal Aviation Act, 49 U.S.C.App. 1513(a) and (b) (1988). Such constraint is not placed upon

fees applicable to non-aeronautical users, such as off-airport rental car agencies.

■ Absent expressed statutory constraint, this court will not sit as judicial arbiter of the reasonableness or unreasonableness of a fee, but rather will defer to the sound discretion of the government agency imposing such fee. *See City of New Orleans v. Dukes*, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976); *City of Montrose v. Public Utilities Commission, supra.* We therefore reject the reasonableness test proposed by plaintiff.

Plaintiff argues that failure to require defendant to confine itself to "reasonable" fees is tantamount to an authorization to impose arbitrary or confiscatory fees. We disagree.

Arbitrary or confiscatory fees are still subject to constitutional restraints. However, we conclude that, implicit in the trial court's order, is a finding that the fee is neither arbitrary nor confiscatory.

■ The fee in question is not arbitrary. Rather, it is rationally related to the legitimate governmental interest in providing airport facilities. Proceeds from the fee are applied to the costs of operating the airport as a whole. They need not be applied only to costs of maintaining specific portions of the facility utilized by plaintiff. *See Evansville–Vanderburgh, supra.* Further, ten-percent fees are not uncommonly imposed by property owners for the use of their properties and have been upheld by our supreme court. *See Denver Center for Performing Arts v. Briggs*, 696 P.2d 299 (Colo.1985).

■ Neither is the fee confiscatory. Plaintiff contributes approximately one percent of defendant's operating expenses. This payment by plaintiff represents less than three percent of its total gross revenues. Plaintiff contends, without evidentiary support, that payment of this percentage will force it out of business. Even so, a fee is only confiscatory if it is prohibitive of an entire industry, not because it forces a marginal company to experience slightly increased costs that, in conjunction with its other operating expenses, cause it to cease

doing business. *Tom's Tavern, Inc. v. City of Boulder*, 186 Colo. 321, 526 P.2d 1328 (Colo.1974).

■ While it is true that defendant is the only off-airport car rental agency doing business at this airport, it is, nevertheless, a member of the off-airport car rental industry. Similar fees are in place for other members of this nationwide industry and have not proved prohibitive of the industry as a whole. Consequently, under the test set forth in *Tom's Tavern*, the fee is not confiscatory.

The record thus adequately supports the trial court's entry of summary judgment as to plaintiff's third claim for relief. Consequently, we will not disturb it.

## II.

■ Defendant, on cross-appeal, asserts the trial court erred in its denial of attorney fees. However, the brief filed by defendant does not address this issue adequately. It is the duty of counsel to inform the court both as to specific errors relied upon and as to the grounds, supporting facts, and authorities therefor. *Mauldin v. Lowery*, 127 Colo. 234, 255 P.2d 976 (1953). Further, defendant did not designate any portion of the record which supports its claims, and bare statements made in the briefs of litigants cannot supply that which must appear from a certified record. *Loomis v. Seely*, 677 P.2d 400 (Colo.App. 1983).

Because defendant has failed to specify why the trial court erred, we will not review the ruling denying attorney fees. *BOP Industries v. State Board of Equalization*, 694 P.2d 337 (Colo.App.1984).

Judgment affirmed.

PLANK and HUME, JJ., concur.