89 P.3d 530
The PEOPLE of the State of Colorado, Petitioner-Appellee,
In the Interest of D.B-J., a Child,
and Concerning W.B., Respondent-Appellant, and
W.C. Special, Respondent-Appellee.
No. 03CA0893.
Colorado Court of Appeals, Div. III.
March 11, 2004.
        89 P.3d 531 James D. Robinson, County Attorney, Rebecca Wiggins, Assistant County Attorney, Denver, Colorado, for Petitioner-Appellee.
        Deborah Gans, Denver, Colorado, for Respondent-Appellant.
        David R. Gloss, Denver, Colorado, for Special Respondent-Appellee.
        Opinion by Judge ROY.
        W.B. (father) appeals from a judgment terminating the parent-child legal relationship between him and his child, D.B-J. We affirm.
        I.
        Father contends generally that the evidence was insufficient to support the criteria for termination set forth in § 19-3-604(1)(c), C.R.S.2003. However, he does not identify any supporting facts, make specific arguments, or set forth specific authorities to support the contention. Therefore, the contention is not properly before us on appeal, and we will not address it. See Westrac, Inc. v. Walker Field, 812 P.2d 714 (Colo.App. 1991).
        II.
        Father also contends the trial court erred in rejecting permanent placement as a less drastic alternative and in finding that termination was in the child's best interests. He argues that the paternal grandmother was an appropriate placement alternative and that the department of social services (department) failed in its duty to inquire as to and investigate all possible relative placement alternatives. We find no error.
        Implicit in the statutory scheme for termination set forth in § 19-3-604(1)(c) is a requirement that the trial court consider and eliminate less drastic alternatives before entering an order of termination. People in Interest of M.M., 726 P.2d 1108 (Colo.1986). In so doing, the court must give primary consideration to the physical, mental, and emotional conditions and needs of the child. Section 19-3-604(3), C.R.S.2003.
        A statutory preference arises in favor of placement with an available and appropriate grandparent if such placement is in the child's best interests. Sections 19-1-115(1), 19-3-605, C.R.S.2003. Placement with a grandparent is not a viable alternative to termination if the grandparent lacks appreciation of the parent's problems or of the child's conditions or needs. See People in 89 P.3d 532 Interest of M.H., 855 P.2d 15 (Colo.App. 1992).
        The credibility of the witnesses and the sufficiency, probative effect, and weight of the evidence, as well as the inferences and conclusions to be drawn from it, are within the discretion of the trial court. Thus, a trial court's findings and conclusions will not be disturbed on review if the record supports them. People in Interest of C.A.K., 652 P.2d 603 (Colo.1982)
        Here, the department evaluated the paternal grandmother as a possible placement for the child as a less drastic alternative to termination. This evaluation consisted of a home study and psychological examination. In addition, a great-uncle and aunt were initially identified as a possible placement but they declined to be considered.
        In rejecting placement with the paternal grandmother as a less drastic alternative, the trial court found that grandmother did not interact well with the child; that the child had an ambivalent attachment to grandmother; and that grandmother was not genuinely invested in participating in treatment to address her relationship with the child. The trial court further found that grandmother did not acknowledge the risk of harm to the child posed by father and that grandmother was unlikely to comply with no contact orders.
        These findings are supported by evidence that the child did not engage in play with grandmother or seek her out for nurturing and that grandmother denied a need for therapy and did not comply with recommendations that she participate in individual and group therapy. The evidence further revealed that grandmother believed that father was a good, safe parent, even though he was convicted of felony child abuse and was serving a sentence in the Department of Corrections. Finally, because of grandmother's psychological profile, her evaluating psychologist had concerns about compliance with court orders.
        During the termination hearing, father testified that there might be other relatives available to care for the child, but that he needed to discuss it with them first. There is no indication that he ever identified any of these relatives to the department or to the court. On appeal, father asserts that the department was obligated to explore other family members as possible placements.
        The department and trial court must consider remedies less drastic than termination. People in Interest of M.M., supra. In that regard, the department must evaluate a reasonable number of persons suggested to it as possible placements by the family and other interested persons in the course of its investigation. However, there is no statute, rule, or other authority, of which we are aware, or to which our attention has been directed, that requires the department to make special inquiry and independently identify and evaluate other possible placements within or outside the family. See 19-3-100.5(4).
        Finally, the child was five years old at the time of the termination hearing and had been in multiple placements during the four-year pendency of the proceeding. His emotional problems and developmental delays were exacerbated by frequent moves and lack of permanence. Accordingly, he needed a safe, stable, permanent home with nurturing caregivers as soon as possible.
        Thus, having support in the record, the trial court's findings concerning less drastic alternatives and the child's best interests will not be disturbed on review. See People in Interest of C.A.K., supra.
        The judgment is affirmed.
        Judge KAPELKE and Judge CARPARELLI concur.