CHARLES PUTKOWSKI, Suing on Behalf of Himself and All Others Similarly Situated, Plaintiff, *v.* WILLIAM F. CAREY, as Commissioner of the Department of Sanitation of the City of New York, Defendant.

Supreme Court, Special Term, New York County, June 27, 1944.

*Ignatius M. Wilkinson,* Corporation Counsel (*Charles C. Weinstein* of counsel), for defendant.

*Matthew Silverman* for plaintiff.

SCHREIBER, J.   This is a motion to dismiss the complaint for alleged insufficiency.   Plaintiff alleges that he is employed as a blacksmith, in the competitive class of the civil service, in the Department of Sanitation of the City of New York; that since October 12, 1942, he has also been employed, after and outside of his regular working hours in the Department of Sanitation, in a private plant manufacturing war materials; that on May 23, 1944, the defendant, the Commissioner of the Department of Sanitation, informed him " that his rule against outside employment of any kind or description would be enforced and that no employee of the Department of Sanitation would be permitted to retain his position in the said Department unless he discontinued all outside employment "; and that plaintiff was then and there told that he would be dismissed unless he immediately gave up his outside employment.   The complaint alleges that the rule against outside employment which the defendant seeks to enforce is illegal and that plaintiff's threatened dismissal would cause him irreparable damage.   Accordingly, plaintiff sues for an injunction restraining the defendant, among other things, from suspending or dismissing him " on account of the alleged violation of the defendant's rule against outside employment ".

In the court's opinion, a good cause of action is stated.   A regulation against outside employment adopted by a city depart-

ment exceeds the powers conferred upon such a department by the New York City Charter of 1938 (*Matter of Natilson* v. *Hodson,* 264 App. Div. 384, affd. 289 N. Y. 842). The memorandum accompanying the Court of Appeals affirmance reads as follows: " Order affirmed, with costs, on the ground that the regulation purported to be adopted by the department exceeds the powers conferred by subdivision a of section 885 of the New York City Charter (1938) upon heads of the departments."

The complaint alleges that the threat to dismiss the plaintiff is predicated upon the rule against outside employment rather than upon any claim that the quality of the services rendered by plaintiff to the Department of Sanitation has been adversely affected by his outside employment. Plaintiff does not possess an adequate remedy at law. He should not be compelled to run the risk that the threats to dismiss him if he continues his outside employment will be carried out, in which event he would be obliged to institute legal proceedings for his reinstatement. What plaintiff is, in effect, demanding is a declaratory judgment as to his rights. The case is a proper one for obtaining such a judgment since plaintiff is confronted with the dilemma of choosing between (1) continuing his outside employment and thus jeopardizing his employment in the Department of Sanitation, should he be dismissed and the Department's rule against outside employment subsequently be held valid, and (2) giving up his remunerative outside employment.

The cases cited by the defendant in support of its contention that plaintiff has an adequate remedy at law are all clearly distinguishable. *Matter of Moran* v. *Wilson* (258 App. Div. 864) and *Guinier* v. *Kern* (29 N. Y. S. 2d 822) did not involve situations where the only issue was the validity of a rule upon the basis of which dismissal was threatened.

The City's contention that the proof at the departmental trial of the plaintiff might show that his duties could not be performed efficiently while he continued at his outside employment has no bearing upon the sufficiency of the present complaint. Plaintiff is not suing to obtain an injunction against his dismissal for inefficiency or incompetence brought about by his outside employment or otherwise. He is merely seeking to enjoin his dismissal on the basis of an inflexible rule against outside employment, regardless of whether or not it affects the efficiency of the work performed by the plaintiff for the defendant.

The fact that the plaintiff, in addition to suing on behalf of himself, is also suing " on behalf of all others similarly sit

uated '' does not affect the sufficiency of the complaint, even if it be assumed that no proper case for suing on behalf of others is here presented. In *Brenner* v. *Title Guarantee & Trust Co.* (276 N. Y. 230) the first certified question was, '' Does the third amended complaint state facts sufficient to constitute a cause of action? '', which was answered in the affirmative, notwithstanding the fact that the court held that plaintiff improperly sued on behalf of others as well as himself. The third certified question, viz., '' Was the motion of defendant to strike out those portions of the third amended complaint relating to the purported representative character of this action properly denied? '' was answered in the negative, thus indicating that it was the opinion of the Court of Appeals that the defendant's proper remedy was to strike out those portions of the pleading relating to the purported representative character of the action. In *Soc. Milion Athena* v. *Nat. Bk. of Greece* (281 N. Y. 282) the Court of Appeals upheld the sufficiency of the complaint (see the answers to first and second certified questions) notwithstanding the fact that it also held that the motion to strike out the parts of the complaint appropriate only to a derivative action should also have been granted. (See answer to fourth certified question.) It follows that the question of whether plaintiff was properly suing on behalf of others, in addition to suing on his own behalf, is not presented for determination on the motion to dismiss for insufficiency.

The motion to dismiss is denied, with leave to answer within ten days from the service of a copy of this order with notice of entry.