Chief Judge Desmond.
Special Term granted and the Appellate Division unanimously affirmed a dismissal of this suit in which 24 New York City police officers sought a judgment which would declare that section 2/47.0 of the Police Department Rules and Regulations is invalid and unenforcible. The regulation, after declaring that a member of the police force is subject to duty at all times and must devote his entire time and attention to the service of the department, contains this prohibition: “He shall not engage in any other occupation except when suspended from duty without pay or when on vacation or other leave during the 30-day period after filing application for retirement or when on terminal leave,” Tims, the regulation prevents a policeman *347 from engaging in what is known as “ moonlighting ”— that is, holding another job. For authority to make such a rule the Police Commissioner relies on sections 431, 434, 435 and 1105 of the New York City Charter which, read as a unit, authorize every city department head, including the Police Commissioner, to make rules for the conduct of his department, give the Commissioner control of the “ government, administration, disposition and discipline * * * of the police force ” and impose on the Police Department the broadest power and duty of keeping public order in the city. Successive city charters dating-back many years have contained such grants of power.
The Appellate Division, after affirming unanimously and without opinion, granted plaintiffs leave to appeal to this court. Presumably, the Appellate Division sent the case to us because of a doubt expressed by the Special Term Justice as to whether this court, in previously holding valid a fire department rule like this police department rule (Matter of Calfapietra v. Walsh, 294 N. Y. 867), had overruled or distinguished the earlier case of Matter of Natilson v. Hodson (289 N. Y. 842). In the Natilson case we said that the city welfare department had exceeded its powers in notifying its employees that, pursuant to a Board of Estimate resolution and a directive from the Mayor, welfare department employees were forbidden to accept any private employment.
This judgment should be affirmed and the Police Commissioner’s regulation held valid. In this case, as in the Calfapietra litigation (supra) involving the fire department, the rule is essential or at least appropriate to implement the Commissioner’s control of a tightly disciplined group of employees with special duties and obligations to protect the safety and order of the city and to be available to cope with emergencies.
In 1891 this court affirmed without opinion (People ex rel. Ullrich v. Bell, 125 N. Y. 722) a Brooklyn City Court General Term affirmance of an order which refused to invalidate a Brooklyn Police Department rule practically identical with the rule here under attack. The justification for such rules as to policemen and firemen is in the old and seasoned concept that < < Tpe government of a police force assimilates to that required in the control of a military body ” (People ex rel. Master son v. French, 110 N. Y. 494, 499 [1888]). Many courts in other jurisdictions have approved similar rules (Croft v. Lambert, 228 Ore. *348 76 [1961]; Jurgens v. Davenport, R. I. & N. W. Ry. Co., 249 Iowa 711 [1958]; Isola v. Borough of Belmar, 34 N. J. Super. 544 [1955]; Huhnke v. Wischer, 271 Wis. 66 [1955]; Schell v. City of Aberdeen, 28 Wn. [2d] 335 [1947]; Hofbauer v. Board of Police Comrs., 133 N. J. L. 293 [1945]; Bell v. District Ct. of Holyoke, 314 Mass. 622 [1943]; Reichelderfer v. Ihrie, 59 F. 2d 873 [1932]).
The distinction between the policemen and firemen cases and the Natilson case (289 N. Y. 842, supra) is that the rule in the latter was an attempt to keep social welfare employees from taking on other jobs. The courts held that the welfare department’s rule was illegal since there was nothing about welfare department employment to justify such a rule, whereas policemen and firemen must be available for emergency duties at all hours. Plaintiffs admit that the Police Commissioner may regulate their after-hours conduct but argue that he goes too far when he flatly forbids after-hours employment. That, we think, is a matter within his judgment. It was not unreasonable for him to come to the conclusion arrived at by many police and fire department heads at other times and places that outside employment seriously interferes with keeping the police and fire departments fit and ready for action at all times. It is not for us to express an opinion as to whether police department and fire department salaries are so low that the men are forced into outside work but if such be the fact the remedy is not by removing necessary controls but by providing more adequate compensation.
The judgment should be affirmed, without costs.
Judges Dye, Fitld, Van Voorhis, Burke, Foster and Scileppi concur.
Judgment affirmed.