■ In the Matter of MICHAEL F. TRELFA, Appellant, v VILLAGE OF CENTRE ISLAND et al., Respondents.—In a proceeding pursuant to CPLR article 78 *inter alia* to prohibit enforcement of a directive of the respondent chief of police that petitioner, a police officer employed by the Incorporated Village of Centre Island Police Department, discontinue his part-time employment which was unrelated to police business, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated July 16, 1976, which dismissed the petition, with prejudice. Judgment affirmed, with $50 costs and disbursements. Section 3 of article I of the Centre Island Police Department Rules and Regulations, after declaring that a member of the police force is subject to duty at all times, contains the following prohibition: "He shall devote his entire time and attention to the service of the police department and shall not engage in any other business or calling except that when a member of the department is suspended from duty without pay, he may engage in another lawful business or calling during the suspension". Contrary to petitioner's contention that that section is vague and overbroad, we hold that it clearly proscribes outside employment by members of the Centre Island Police Department. Moreover, the Court of Appeals has held that type of rule to be appropriate and essential (see *Flood v Kennedy,* 12 NY2d 345, 347). Section 208-d of the General Municipal Law does not apply to villages. Hopkins, Acting P. J., Martuscello, Damiani and Titone, JJ., concur.

■ In the Matter of LORINE WARD, Petitioner, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 *inter alia* to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated January 19, 1976 and made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of the New York City Department of Social Services, which discontinued a grant of aid to dependent children. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The determination to discontinue relief payments was supported by substantial evidence. Cohalan, Acting P. J., Rabin, Shapiro and O'Connor, JJ., concur.