

# The Attorney General of Texas

December 29, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX 78711
512/475-2501

701 Commerce. Suite 200
Dallas. TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso. TX. 79905
915/533-3484

723 Main. Suite 610
Houston. TX. 77002
713/228-0701

806 Broadway. Suite 312
Lubbock. TX. 79401
806.747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza. Suite 400
San Antonio. TX. 78205
512/225-4191

An Equal Opportunity/
Employer

Honorable John Wilson
Chairman
House Committee on Health & Welfare
State Capitol
Austin, Texas 78711

Opinion No. H- 1317

Re: Whether an administrative rule of the Texas Department of Human Resources prohibiting departmental personnel from being licensed as real estate brokers or salesmen is a valid employment rule.

Dear Representative Wilson:

You have requested an opinion as to whether the Department of Human Resources can enforce a regulation which prohibits department employees from acquiring real estate licenses. The purpose of this policy is to avoid potential conflicts of interest involving clients of the department. See V.T.C.S., art. 6252-9b, § 8. The issue presented is whether the rule is overbroad in its total prohibition of an outside real estate occupation because there is a possibility of a conflict of interest. The department informs us it would be difficult to police real estate transactions with the department's clients without a total ban which is relatively easily enforced by checking the records of the Texas Real Estate Commission. You advise that eligibility for client benefits under department guidelines depends upon other income resources available to the client, and clients are often advised by the department that real property held by them must be converted to cash if they are to remain eligible for benefits. The rule in question was adopted to prevent department employees having access to client files from improperly using the information, and, further, to avoid any appearance of impropriety should a department employee innocently deal with department clients in pursuing a real estate business.

One's right to work and earn an income, whether characterized as a liberty or a property interest, is a valuable right which should not be curtailed without substantial state interest. See Bishop v. Wood, 426 U.S. 341 (1976); Board of Regents v. Roth, 408 U.S. 564 (1972); Perry v. Sindermann, 408 U.S. 593 (1972); Schware v. Board of Bar Examiners, 353 U.S. 232 (1957). In that we believe the department rule to be overbroad, it is unauthorized by the rule making authority of the Department of Human Resources. V.T.C.S., arts. 695c, §§ 3, 33; 695j-1, § 10. Cf. Cleveland Board of Education v. LaFleur, 414 U.S. 632 (1974) (pregnancy leave rules overbroad).

We believe the line of authority which has upheld regulations which prohibit firemen and policemen from holding second jobs is clearly distinguishable. These employees are often on call at all hours. Their physical and mental condition which is vital to the performance of their duties should not be overtaxed by holding outside employment. See Lombardino v. Firemen's and Policemen's Civil Service Comm'n, 310 S.W.2d 651 (Tex. Civ. App. — San Antonio 1958, writ ref'd n.r.e.) (city detective dismissed for engaging in outside occupation of debt collection); Trelfa v. Village of Centre Island, 389 N.Y.S.2d 22 (S. Ct. App. Div. 1976) (prohibition of outside employment by police valid); Cox v. McNamara, 493 P.2d 54 (Ore. Ct. App. 1972) (prohibition upheld as to police), cert. den., 409 U.S. 882 (1972); Annot., 88 A.L.R.2d 1235 (1963); but see City of Crowley Firemen v. City of Crowley, 280 So.2d 897 (La. 1973) (ordinance prohibiting outside employment was arbitrary and violated constitutional right of due process).

Although few courts have addressed the issue, we believe that the prohibition which is the basis of your inquiry is arbitrary unless there is a clear public purpose as has been articulated in the cases concerning firemen and policemen. In Natilson v. Hodson, 47 N.E.2d 442 (N.Y. Ct. App. 1943) a social investigator for the Department of Welfare was discharged for violating the rule against outside employment by doing accounting work for a fee after his normal work day. There was no allegation that the outside work interfered with the employee's performance with the department and the court ordered him reinstated. Similarly, in Putkowski v. Carey, 52 N.Y.S.2d 42 (Sup. Ct. 1944), the court held that a rule which forbade an employee of the Department of Sanitation from working a second job at a plant making war materials exceeded the power of the department.

To the extent that the rule of the Texas Department of Human Resources precludes any employee's possession of a real estate license where no conflict of interest is involved and the employee's performance is in no way impaired, the rule lacks statutory authority and is invalid. Cf. Attorney General Opinion H-1162 (1978). Of course, more precisely drawn regulations which relate narrowly to the interest of the department could be validly drawn. See Attorney General Opinion H-1223 (1978); Letter Advisory No. 62 (1973).

## S U M M A R Y

The Department of Human Resources may not prohibit all employees from being licensed as a real estate broker or agent ,where no conflict of interest is involved and the employee's performance is in no way impaired.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

**APPROVED:**

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn