James A. Fitzgerald, Esq. Town Attorney, Stony Point
I am writing in response to your request for an opinion as to off-duty employment of Town of Stony Point police officers.
As stated in your letter, a chemical manufacturing company located in the town had its employees go out on strike. The striking employees have been picketing the entrance to the plant. The employer contacted the town police department and offered employment to its off-duty officers to act as security guards in the vicinity of the picket line. Although the officers are armed, they are not in uniform, and they use their own vehicles. A department lieutenant was scheduling the security details taking into consideration the on-duty work schedule of the town police officers. Apparently, almost all of the town police officers are involved in this off-duty employment. You have asked whether it is a conflict of interest for a police officer to accept employment as a private security guard while off duty; whether the fact that the employment is accepted in a strike situation creates a conflict of interest; and whether it is a conflict of interest for a senior officer in the police department to schedule the security guard watches.
As a general rule, in the absence of a contrary local law or regulation, police officers are not prohibited from accepting outside employment during off-duty hours (1978 Op Atty Gen [Inf] 245). With the exception of city police forces, housing police forces and transit police forces (see General Municipal Law, §§ 208-d, 208-e),* a municipality or police department may, however, prohibit any and all outside employment by its police officers (Matter of Trelfa v Village of Centre Island, 54 A.D.2d 985
[2d Dept, 1976]). In Trelfa, the court found that because there was no state law allowing village police officers to engage in outside employment, the village could categorically prohibit outside employment. Thus, it follows that a town could likewise prohibit all outside employment of its police officers. The Court of Appeals has found that such a restriction serves a valid purpose and is appropriate (Flood vKennedy, 12 N.Y.2d 345 [1963]). (Although Flood dealt with a city and was decided prior to the enactment of General Municipal Law, §§ 208-d and208-e, the theory of the case is still applicable to towns and villages.)
Off-duty work may also violate common law conflict of interest doctrines. Police officers enjoy unique positions in their communities and should not undertake any outside work which might detract from their public image and that of the police department as a whole. Any appearance of impropriety or abuse of position should be scrupulously avoided (1973 Op Atty Gen [Inf] 193). In addition to the appearance in this case that the private employer has co-opted the police department, the police officer's participation in the potentially disruptive strike situation as guards for one of the disputants also raises questions of propriety. In the event that violence broke out, it would be unclear whether the police officers were acting as law enforcement officers, private security guards, or participants in a disturbance of the peace. That scenario, and the potential for such a scenerio detract from the police department's public image and create an appearance of impropriety.
We suggest also that you also consult the municipal code of ethics for guidance. General Municipal Law, § 806 requires municipalities to establish a code of ethics setting standards with respect to private employment in conflict with official duties. It is possible that the immediate situation has been addressed.
Accordingly, we conclude that police officers may not act as private security guards in a potentially volatile strike situation.
* Section 208-d provides as follows:
 "Notwithstanding the provisions of any general, special or local law or any rule or regulation of any police department or commissioner or head thereof, any member of a police force of a housing authority of any municipality may engage in extra work for another employer outside his regular hours of duty for not exceeding twenty hours a week provided that such extra work does not interfere or conflict with his regular duties as a member of the police force of such a housing authority or his availability for emergency duty nor affect his physical condition to the extent that it impairs his ability to efficiently perform such duties and further provided that the type of employment shall first be approved by the appropriate housing police department or housing police chief."
A second section 208-d provides a similar standard for members of city police forces, and section 208-e provides likewise for members of transit authority police.