James J. Nolletti, Esq. Village Attorney, Mamaroneck
You have asked whether your village police department may prohibit a member of its auxiliary police force from joining another volunteer service such as the volunteer fire department, rescue squad, or ambulance squad.
You have explained that the village's auxiliary police force was established by the county under the authority of the New York State Defense Emergency Act. The auxiliary police force is governed by the rules and regulations of the village's police department. While auxiliary police officers may only be given peace officer powers (NYS Defense Emergency Act, § 9185; Criminal Procedure Law, § 2.10[26]), rules governing off-duty employment of police officers are, in our opinion, instructive as to peace officers who also exercise law enforcement duties.
As a general rule, police officers are not prohibited from accepting outside employment during off-duty hours (1978 Op Atty Gen [Inf] 245; 1985 Op Atty Gen [Inf] 123), subject to certain exceptions (General Municipal Law, §§ 208-d, 208-e). A municipality or police department may restrict or prohibit outside employment by its police officers (Matter of Trelfa v Village of Centre Island, 54 A.D.2d 985 (2d Dept, 1976). In Trelfa, the Appellate Division found that there was no State law allowing village police officers to engage in outside employment and, therefore, found that a village may categorically prohibit outside employment. Nor does State law expressly allow an auxiliary police officer to serve in other volunteer services. Restrictions on outside employment of police officers has been found to serve a valid public purpose (Flood v Kennedy, 12 N.Y.2d 345, 348 [1963]).
We indicated in our 1985 opinion that off-duty employment of police officers may also violate common law conflict of interests doctrines (1985 Op Atty Gen [Inf] 123). Police officers and peace officers, with their law enforcement duties and unique positions of authority in the community, must be particularly sensitive about their public image and, therefore, must avoid even appearances of impropriety. You have indicated that the positions in question, if held by a member of the auxiliary police force, could create problems involving overlapping jurisdiction and divided responsibilities and loyalties. Under these circumstances, the restriction that you propose appears reasonable.
We conclude that a village may prohibit members of its auxiliary police force from joining the volunteer fire department, rescue squad or ambulance squad.