Jonathan P. **DECKER**, Plaintiff,

v.

**CITY OF HAMPTON, VIRGINIA, and Pat G. Minetti, in his official capacity as Chief of Police, Defendants.**

**Civ. A. No. 89–162–NN.**

United States District Court,
E.D. Virginia,
Newport News Division.

June 8, 1990.

---

Neil C. Bonney, Virginia Beach, Va., for plaintiff.

Robert A. Boester, Hawkins, Burcher and Boester, P.C., Hampton, Va., for defendants.

## MEMORANDUM OPINION AND ORDER

DOUMAR, District Judge.

The plaintiff, a detective for the Hampton Police Division, brought this suit pursuant to 42 U.S.C. section 1983 alleging that the defendants have deprived him of his constitutional rights to due process and equal protection by promulgating and enforcing Regulation 5.12 of the Hampton Police Division Rules and Regulations. Regulation 5.12 places limits on the outside employment of police officers by making such employment subject to the approval of the Chief of Police. On April 12, 1989, the plaintiff, a licensed private investigator, requested permission to engage in outside employment as a private investigator per-

forming domestic surveillance and background investigations. On May 4, 1989, Pat G. Minetti, the Chief of Police, refused the plaintiff permission to do outside work as a private investigator. As a result of the alleged constitutional violations caused by Regulation 5.12 and its enforcement, the plaintiff seeks damages in the amount of twenty-five thousand dollars ($25,000.00) and a judgment declaring Regulation 5.12 unconstitutional.

On November 3, 1989, the plaintiff filed a motion for summary judgment. The defendants filed their brief in opposition on November 21, 1989 and the parties appeared before this Court for an oral argument on the plaintiff's motion on February 8, 1990. At the hearing the parties agreed that this case could be decided without the expense of a trial because the material facts are not in dispute. The Court withheld ruling on the plaintiff's motion for summary judgment in order to allow the defendants to file a cross-motion for summary judgment and the parties to submit all of their evidence in the form of affidavits and answers to interrogatories. On February 26, 1990, the defendants filed their cross-motion for summary judgment. All evidence has been submitted and this matter is now ready for determination on the plaintiff's motion for summary judgment and on the defendants' cross-motion for summary judgment. For the reasons stated below, the plaintiff's motion for summary judgment is DENIED and the defendants' cross-motion for summary judgment is GRANTED.

## I. FACTS

This case centers on the provisions of Regulation 5.12 of the Hampton Police Division Rules and Regulations as written and as applied to the plaintiff. Regulation 5.12 reads in pertinent part as follows:

5.12 *EMPLOYMENT OUTSIDE OF THE DIVISION*:

Officers may engage in off-duty employment subject to the following limitations:

  (a) Such employment shall not interfere with the officer's employment with the Division; and/or,

  (b) Officers shall submit a written request for off-duty employment to the Chief, whose approval must be granted prior to engaging in such employment; and/or,

  (c) Officers shall not engage in any employment or business involving the sale or distribution of alcoholic beverages, bail bond agencies, investigative work for insurance companies, private guard services, collection agencies, attorneys, or employment which may otherwise bring the Police Division into disrepute with the general public.

Approval may be denied where it appears that the employment might:

  (a) Render the officer unavailable during an emergency;

  (b) Physically or mentally exhaust the officer to the point that his regular performance may be affected;

  (c) Require that any special consideration be given to rescheduling of the officer's regular duty hours; or,

  (d) Bring the Division into disrepute and/or impair the operational efficiency of the Division or officer.

The plaintiff is employed by the City of Hampton as a detective for the Hampton Police Division and has been employed by the Hampton Police Division for fourteen (14) years. The plaintiff is licensed by the Commonwealth of Virginia as a private investigator. On April 12, 1989, the plaintiff requested permission of defendant Minetti to engage in outside employment as a private investigator. The plaintiff requested that he be allowed to work for the general public and the business community in Hampton and surrounding communities. The plaintiff proposed to limit his work to domestic surveillance and background investigations for employment purposes dealing with such matters as prior employment, education, character references and credit history. On May 4, 1989, the plaintiff's request was denied. The denial was based upon Regulation 5.12 and upon the fact that the plaintiff's proposed off duty work would present a conflict of interest. Furthermore, the defendants determined that the city would face potential civil liability

because of the strong possibility that the plaintiff would have to exercise police powers during the course of his private investigations.

In addition to the plaintiff's off duty job request denial, three other employees have been denied permission to work off duty because of potential conflicts of interest. Officer J. Jarden was refused permission to sell "crime lights" (an outdoor lighting device). Jarden was doing community relations work involving security services at the time and the defendants believed this would pose a conflict of interest. Police Aide B. K. Staton was denied permission to work for a towing service. Because the Hampton Police uses a rotating towing list, the defendants believed that the presence of a police employee on the staff of one of the towing services would pose a conflict of interest. Finally, Corporal R.G. Rohrbaugh was denied permission to take the fingerprints of children for their parents' records. This request was denied because Rohrbaugh was employed in the crime scene/identification bureau section of the Hampton Police Division and it was believed that this would pose a conflict of interest.

The great majority of off duty employment requests have been approved by the defendants. Employees of the Hampton Police Division have also been given permission to work part-time in the following positions: fire department dispatcher, driving instructor, cook, cleaner, nurse, instructor at Norfolk State University, softball umpire, police training instructor, uniform salesman, interviewer for a nutrition study, laborer at Hill & Wood Memorials, and health club worker.

In 1980, Sergeant Robert Bennink sought permission to work as a private investigator. His request was initially denied by the then Acting Police Chief because of the potential conflict of interest. The denial was appealed and permission was granted by the Assistant City Manager. Several limitations were placed on Bennink's activities: (a) He could not use police equipment; (b) he could not use police records; (c) he could not do investigative work on city time; (d) he could not work inside of the City of Hampton; and (e) he could not work on any cases that the police were actively investigating. Bennink worked for attorneys doing domestic investigations from March 1980 to December 1980. Bennink states that he ceased doing private investigative work because he was placed in many potentially volatile circumstances without the benefit of a backup or of communications and was thus placed at risk. He also found that introductions frequently revealed his position as a police officer and that the work gave others the opportunity to question his integrity. Finally, he found that the work was not as lucrative as he had expected. Bennink is the only Hampton Police official who has been allowed to perform off duty work as a private investigator.

Up until 1986, three police officers were allowed to do work as polygraph operators for local businesses. In 1986, the defendants determined that the focus of those employing the officers was becoming more criminal in nature and the officers were ordered to cease their employment. Another officer, Corporal G. Fullman has been granted permission to videotape wills and depositions, and to do fingerprinting for commercial background checks. The plaintiff states that the videotaping has occurred in both civil and criminal cases although the defendants state that they are not aware that Fullman has done any work in criminal cases and that they would not permit him to do such work. Finally, Officer C.E. Martin has been given permission to work as a travel agent at Travel World. The plaintiff states that Travel World does bookings for the Hampton Police although the defendants state that Martin has not handled any city accounts.

Hampton Police Officers are able to supplement their income through the use of "extra duty" employment. Extra duty consists of security and traffic work that is performed under the supervision and control of the Hampton Police Division. Officers performing extra duty are paid through the City of Hampton at a typical hourly rate of between twelve and eighteen dollars. Workers' compensation is applica-

ble to extra duty work. In 1988–1989 more than four thousand hours of extra duty work was made available to Hampton Police Officers and approximately six hundred extra duty hours went unfilled during that time period. From November, 1988 to October, 1989, the plaintiff earned $782.00 in extra duty income.

## II. CONCLUSIONS OF LAW

### A. Due Process

■ The plaintiff alleges that the defendants' refusal to allow him to work in his off duty hours as a private detective has violated his rights under the due process clause of the fourteenth amendment. The due process clause protects the plaintiff against certain deprivations of "property," "liberty" and "life." Only the property and liberty interests, however, are relevant to this suit. The plaintiff's present position as a detective in the Hampton Police Division is a property right cognizable under the due process clause but his desire to work as a private investigator is not. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Since the plaintiff has presented no more than an abstract need or desire to pursue work as a private investigator, no property interest has been implicated.

■ The plaintiff's claimed liberty interest in pursuing work as a private investigator presents a more difficult question. Most of the Supreme Court cases recognizing a liberty interest under the fourteenth amendment have involved claimed infringements of an individual's decisions regarding procreation, marriage, and family life. *See Kelley v. Johnson*, 425 U.S. 238, 244, 96 S.Ct. 1440, 1444, 47 L.Ed.2d 708 (1976) (citing cases). In *Roth*, however, the Supreme Court stated that the liberty interest also includes "the right of the individual ... to engage in any of the common occupations of life...." 408 U.S. at 572, 92

S.Ct. at 2707. The defendants have not denied the plaintiff the opportunity to pursue his career as a police detective, they have only placed limits on his ability to seek certain types of off duty employment in addition to his full time occupation. Any intrusion by the defendants on the plaintiff's right to engage in "the common occupations of life" is limited at best and the Court is not convinced that the denial of the plaintiff's request to perform off duty work as a private investigator implicates any liberty interest under the fourteenth amendment. However, the Court will assume that a liberty interest of the plaintiff has been implicated in order to analyze the plaintiff's position.

In *Kelley v. Johnson*, 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976), the Supreme Court was faced with a police officer's challenge to a hair length regulation. The Court found that the regulation did not violate any liberty interest guaranteed by the fourteenth amendment. The Court held that police department regulations are entitled to a presumption of validity and that the burden is on the person challenging such regulations to "demonstrate that there is no rational connection between the regulation, based as it is on the [city's] method of organizing its police force, and the promotion of safety of persons and property." *Id.* at 247, 96 S.Ct. at 1446. In fact, the plaintiff must convince the Court that Regulation 5.12 "is so irrational that it may be branded 'arbitrary'...." *Id.* at 248, 96 S.Ct. at 1446. The plaintiff has not met this burden.

■ The Hampton Police Division derives its law enforcement authority from a delegation of the state's police power.

> The police power of the state, the power to legislate in the interest of the public welfare, the public health, and the public safety is inherent in the Legislature, and it may delegate the full power or any limited part thereof to the cities or counties of the state as it sees fit.

*Kirkpatrick v. Board of Supervisors*, 146 Va. 113, 126, 136 S.E. 186, 190 (1926). The Virginia General Assembly has delegated

to the cities and towns the power to "protect the property of the city or town and its inhabitants and preserve peace and good order therein." Va.Code Ann. § 15.1–137 (1989). To accomplish these goals, the General Assembly has given local police forces the power to enforce laws, arrest offenders of the law, secure citizens from violence and preserve the good order. Va. Code Ann. § 15.1–138 (1989). Under the state's delegation of the police power, localities may regulate the employment of off duty police officers as follows:

> [A]ny county, city or town may adopt an ordinance which permits law-enforcement officers and deputy sheriffs in such locality to engage in off-duty employment which may occasionally require the use of their police powers in the performance of such employment. Such ordinance may provide for reasonable rules and regulations to apply to such off-duty employment or it may delegate the promulgation of such reasonable rules and regulations to the chief of the respective police departments or the sheriff of the county or city.

Va.Code Ann. § 15.1–133.1 (1989). Regulation 5.12 was enacted pursuant to this delegation of the police power and as such is entitled to a "presumption of legislative validity" in the face of this due process challenge. *Kelley*, 425 U.S. at 247, 96 S.Ct. at 1446.

Defendant Minetti states that Regulation 5.12 is intended "to limit outside employment which may be inconsistent or detrimental to the image and professionalism of the police division." Minetti states that three factors are of concern to the Police Division when it regulates off duty employment: (1) law enforcement must be the primary concern of a police officer so that he will be in optimal physical and mental condition; (2) police officers are considered to be on duty at all times; thus, officers must be available for emergency response; and (3) conflicts of interest between police and secondary employment must be avoided so that the public will not perceive the appearance of impropriety.

In light of these interests of the Police Division in the execution of the police power, the Court cannot find that there is no rational connection between the defendants' refusal to allow the plaintiff to work as a private detective and the promotion of the safety of persons and property. In order for the Police Division to be effective and impartial, police officers must avoid conflicts of interest in their off-duty employment. Sergeant Bennink's experience as an off duty private investigator in 1980 amply demonstrates the potential for conflicts of interest between the plaintiff's police work and his proposed work as a private investigator. The plaintiff desires to do domestic surveillance and background investigations. As a police officer, the plaintiff would have access to the criminal records of the people he was investigating and this information would be extremely valuable to the persons employing the plaintiff. The dissemination of criminal history records is carefully regulated and the defendants have strong justification to avoid even the inadvertent dissemination of such information through any police officer. See Va.Code Ann. § 19.2–389 (Supp. 1989). The plaintiff would also have access to confidential records of criminal investigations that might relate to those he was investigating. If the plaintiff were to use such information while acting as a private investigator, he would be guilty of a Class 2 misdemeanor. See Va.Code Ann. § 52–8.3 (1988). Other conflicts could arise because people dealing with the plaintiff when he was conducting a private investigation might feel compelled to provide information because of the plaintiff's position as a police detective.

The Police Division also has a legitimate interest in the mental and physical condition of its officers and in the availability of officers for police work at all times. The plaintiff's proposed work as a private detective would be similar to his work as a police detective. As a result, the plaintiff would be under intense physical and mental strain in his off duty hours as well as when he is working as a policeman. This would raise a legitimate concern in the Police Division over the potential for diminished

effectiveness by the plaintiff as a police detective as a result of fatigue. In addition, the plaintiff's proposed work might take him outside of Hampton for extended periods, thus minimizing the plaintiff's ability to be on duty all of the time as a police officer.

Finally, one other factor must be considered in relation to the plaintiff's due process challenge. Although there are no Virginia cases on point, courts in numerous other jurisdictions have upheld regulations prohibiting *all* outside employment by police officers. *See e.g., Borlin v. Civil Serv. Comm'n,* 338 N.W.2d 146 (Iowa 1983); *Cox v. McNamara,* 8 Or.App. 242, 493 P.2d 54, *cert. denied,* 409 U.S. 882, 93 S.Ct. 169, 34 L.Ed.2d 137 (1972); *Flood v. Kennedy,* 12 N.Y.2d 345, 239 N.Y.S.2d 665, 190 N.E.2d 13 (1963). If a total prohibition of off duty work does not violate the due process clause, then Regulation 5.12, which only partially limits off duty work, would not be in violation of the plaintiff's assumed liberty interest under the due process clause.

In light of all of these considerations the Court finds that Regulation 5.12 bears a rational connection to the promotion of safety of persons and property and that it certainly cannot be considered arbitrary and irrational. Therefore, the Court finds no deprivation of any assumed liberty interest that the plaintiff may have in pursuing off duty employment as a private investigator.

## B. Equal Protection

■ The plaintiff also alleges that his rights under the equal protection clause of the fourteenth amendment have been violated. He argues that Regulation 5.12 treats him differently than other officers because he desires to work as a private detective instead of in some other occupation that is acceptable under the regulations. The plaintiff also claims that Regulation 5.12 is both overinclusive and underinclusive in that it prohibits some employment where there is little potential for a conflict of interest and that it permits others where conflicts of interest may be present.

The plaintiff bears a heavy burden in his equal protection challenge in this case. Economic and social legislation that does not burden a suspect class is given wide latitude under the equal protection clause. *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Id.*

> [C]ourts are quite reluctant to overturn governmental action on the ground that it denies equal protection of the laws. The Constitution presumes that, absent some reason to infer antipathy, even improvident decisions will eventually be rectified by the democratic process and that judicial intervention is generally unwarranted no matter how unwisely we may think a political branch has acted. Thus, we will not overturn such a statute unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational.

*Vance v. Bradley,* 440 U.S. 93, 97, 99 S.Ct. 939, 942–43, 59 L.Ed.2d 171 (1979) (footnotes omitted).

The identical considerations as discussed in relation to the due process issue apply here and demonstrate that Regulation 5.12 is "rationally related to a legitimate state interest." Pursuant to the police power delegated to the City of Hampton, the defendants have established a Police Division that is responsible for the protection of the persons and property within the city. In order to accomplish this, the Police Division must consist of police officers who do not engage in any activities that will create a conflict of interest with their official duties, who are able to be considered on duty at all times, and who are in optimal physical and mental condition. For the same reasons as stated in the due process portion of this opinion, the Court finds that Regulation 5.12 is rationally related to these legitimate interests.

The plaintiff also claims that Regulation 5.12, both as drafted and as enforced, creates a random, inconsistent means of meeting the defendants' goals. Such allegations, if true, are judged under an extremely lenient standard. "Even if the classification involved here is to some extent both underinclusive and overinclusive, and hence the line drawn by [the city] imperfect, it is nevertheless the rule that in a case like this 'perfection is by no means required.'" *Vance*, 440 U.S. at 108, 99 S.Ct. at 948 (quoting *Phillips Chem. Co. v. Dumas School Dist.*, 361 U.S. 376, 385, 80 S.Ct. 474, 480, 4 L.Ed.2d 384 (1960)). Furthermore, the regulation "does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.'" *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970) (quoting *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911)).

The plaintiff relies primarily on the defendants' actions allowing other police officers to pursue off duty employment that allegedly falls within the scope of Regulation 5.12. The evidence of Sergeant Bennink's prior employment as a private investigator is no longer relevant to this dispute. Bennink ceased doing off duty private investigation work almost nine years prior to the denial of the plaintiff's request, and no other police officers have worked as private investigators since. The same is also true of the police officers who were allowed to act as polygraph operators. In 1986, the defendants determined that such off duty work created a substantial conflict of interest because it was related to criminal investigations; therefore, the defendants have not approved such off duty work since 1986. Another officer has been allowed to videotape wills and depositions in civil cases. No provision of Regulation 5.12 specifically prohibits such activity and the defendants could reasonably determine that such off duty work presented no realistic danger of conflict of interest because it entails no relation to police activities. Finally, one officer currently works for a travel agency that occasionally does book-ings for the Police Division. Here again the defendants could reasonably determine that work as a travel agent would not pose a serious conflict of interest in the way that working as a private investigator would. A travel agent's work would not overlap with the officer's police duties and the public would not be confused or intimidated by the fact that a police officer was also a part-time travel agent.

For these reasons, the Court finds that Regulation 5.12 is rationally related to the defendants' legitimate interests in avoiding conflicts of interest and ensuring that the off duty employment activities of police officers do not bring the Police Division into disrepute. Therefore, the defendants have not violated the plaintiff's rights under the equal protection clause of the fourteenth amendment.

## III. CONCLUSION

Based upon the undisputed material facts in this case, the Court finds that Regulation 5.12, both as drafted and as enforced, bears a "rational connection" to the promotion of safety of persons and property and that it is "rationally related" to the defendants' legitimate interests under the police power. Therefore, for the reasons stated above, the Court finds that the defendants have not deprived the plaintiff of any property or assumed liberty interest that he might have in violation of the due process clause, nor have the defendants denied the plaintiff equal protection of the laws. Accordingly, the plaintiff's motion for summary judgment is DENIED and the defendants' cross-motion for summary judgment is GRANTED.

IT IS SO ORDERED.