NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3296
_____

STATE TROOPERS NON-COMMISSIONED OFFICERS
ASSOCIATION OF NEW JERSEY,
on behalf of its members,
and all other persons similarly situated but un-named;
STATE TROOPERS SUPERIOR OFFICERS
ASSOCIATION OF NEW JERSEY,
                    Appellants

v.

STATE OF NEW JERSEY,
Office of the Attorney General;
ANNE MILGRAM,
Attorney General of the State of New Jersey;
STATE OF NEW JERSEY, Division of State Police
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-08-cv-05326)
District Judge: Honorable Freda L. Wolfson
_____

Argued October 26, 2010

Before:  McKEE, Chief Judge, SLOVITER and RENDELL, Circuit Judges.

(Opinion Filed November 2, 2010)
_____

Michael A. Bukosky, Esq.   **[ARGUED]**
Loccke, Correia, Schlager, Limsky & Bukosky
24 Salem Street
Hackensack, NJ  07601
    *Counsel for Appellants*

Robert H. Stoloff, Esq.   **[ARGUED]**
Office of Attorney General of New Jersey
Department of Law & Public Safety
CN112
Richard J. Hughes Justice Complex
Trenton, NJ  08625

_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Plaintiffs, twenty-one New Jersey State Troopers,[1] appeal the District Court for the District of New Jersey's grant of  New Jersey Attorney General Anne Milgram's Motion to Dismiss pursuant to Rule 12(b)(6).[2]  Fed. R. Civ. P. 12(b)(6).  We will affirm.

The District Court had jurisdiction over this action under 28 U.S.C. § 1331.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

I.  Background

Because we write solely for the benefit of the parties, we recite only the facts relevant to our analysis.  Plaintiffs, who are primarily employed by the New Jersey Division of State Police ("NJDSP") as State Troopers, are licensed attorneys; many of them earned law degrees during their employment as State Troopers, aided by a state-sponsored loan

_____

[1] For simplicity's sake, "plaintiffs" will be used to refer to the twenty-one interested State Troopers.  The named plaintiffs in this case are the collective bargaining agents who filed suit on the Troopers' behalf.

[2] Plaintiffs' complaint named the State of New Jersey, the Office of the Attorney General, the New Jersey Division of State Police, and New Jersey Attorney General Anne Milgram as defendants.  The only remaining defendant on appeal is the Attorney General.

repayment policy.  Plaintiffs averred that, pursuant to this policy, the NJDSP arranged for New Jersey to pay for part of the Troopers' law school tuition.  After receiving their law degrees, plaintiffs engaged in secondary employment as lawyers.  Outside of their jobs as Troopers, they earned extra money performing legal tasks such as drafting wills and assisting in real estate closings.

Before 2007, the New Jersey Code of Ethics ("the Code") and the NJDSP Standard Operating Procedure Manual permitted NJDSP employees, including State Troopers, to engage in the private practice of law with the Attorney General's approval. In 2007, the State Ethics Commission for the Department of Law and Public Safety ("DLPS") enacted a revised Code of Ethics.  Section VI(E) of the revised Code essentially prohibits all DLPS employees from engaging in the private practice of law in New Jersey or in any other jurisdiction in which they are admitted.[3]  In their complaint, plaintiffs challenged the Code's prohibition of Troopers' outside legal employment on several grounds, claiming violations of the Equal Protection component of the Fourteenth Amendment, the procedural due process component of the Fourteenth Amendment's Due Process Clause, and the Due Process and Equal Protection provisions of the New Jersey Constitution.  Further, plaintiffs asserted claims of promissory estoppel, equitable estoppel, and impairment of their right to contract.  The District Court concluded, in a

_____

[3] The provision provides for two exceptions to this general prohibition.  With the Attorney General's approval, legally licensed DLPS employees may practice law in circumstances where:  (1) the representation is without compensation, for a member of the attorney's immediate family, and of a non-adversarial nature; or (2) the representation was commenced before the new Code was implemented and is limited to winding up the preexisting professional obligation.

well-reasoned opinion, that plaintiffs' complaint failed to state a claim on which relief could be granted.[4]

On appeal, plaintiffs challenge only the District Court's dismissal of their Equal Protection and Procedural Due Process claims for injunctive relief against Attorney General Anne Milgram. We exercise *de novo* review over the District Court's decision to dismiss the complaint for failure to state a claim. *Dique v. N.J. State Police*, 603 F.3d 181, 188 (3d Cir. 2010). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

II. Discussion

   a. Equal Protection

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440 (1985). In reviewing an Equal Protection challenge, we begin by asking whether the alleged state action burdens a fundamental constitutional right or targets a suspect class. *See Doe v. Pa. Bd. of Prob. & Parole*, 513 F.3d 95, 107 (3d Cir. 2008). If

_____

[4] The District Court dismissed plaintiffs' state law claims and their constitutional claims against the state itself on sovereign immunity grounds. Under the Eleventh Amendment, states and state agencies are immune from suit in federal court. *See Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000). The Eleventh Amendment also prohibits a federal court from considering a claim that a state official violated state law in carrying out his or her official responsibilities. *See Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 104 (1984). However, the Eleventh Amendment does not preclude plaintiffs from bringing suit for injunctive relief against a state official. *See Ex Parte Young*, 209 U.S. 123 (1908).

it does not, the classification created by the challenged statute or regulation "does not violate equal protection so long as it bears a rational relationship to some legitimate end." *Id.* Plaintiffs do not allege that Section VI(E) of the Code burdens a fundamental right or targets a suspect class, so rational basis review applies to their claim. Given this highly deferential standard,[5] we agree with the District Court that plaintiffs' Equal Protection challenge must fail.

First, the District Court properly concluded that New Jersey's interests in guarding against potential conflicts of interest and preserving the public trust are legitimate governmental ends. Several courts have recognized the government's interest in preserving public trust as a legitimate objective underlying restrictions on secondary employment. *See, e.g.*, *Decker v. City of Hampton, Va.*, 741 F. Supp. 1223, 1226 (E.D. Va. 1990); *Fort Wayne Patrolmen's Benevolent Ass'n v. City of Fort Wayne*, 625 F. Supp. 722, 731 (N.D. Ind. 1986).

Second, the District Court properly concluded that the state's decision to single out the legal profession is rationally related to its ethical concerns. The Code provision prohibiting Troopers from outside legal practice is far from perfectly crafted. It is simultaneously overinclusive – in that it prohibits *all* part-time legal work – and underinclusive – in that DLPS employees are still permitted to engage in non-legal outside employment where the risk of ethical conflict is high. Nonetheless, the District

---

[5] *See Romer v. Evans*, 517 U.S. 620, 632 (1996) (noting that under rational basis review, "a law will be sustained if it can be said to advance a legitimate government interest, even if the law seems unwise or works to the disadvantage of a particular group, or if the rationale for it seems tenuous.").

Court did not err in concluding that the provision withstands rational basis review. "'Even if the classification involved . . . is to some extent both underinclusive and overinclusive, and hence the line drawn by [the legislature] imperfect, it is nevertheless the rule that . . . perfection is by no means required.'" *Doe*, 513 F.3d at 117-18 (quoting *Vance v. Bradley*, 440 U.S. 93, 108 (1979) (internal citations omitted)). We are sympathetic to plaintiffs' objection to the breadth of Section VI(E)'s prohibition. However, plaintiffs have not demonstrated, as they must to overcome rational basis review, that no "'reasonably conceivable state of facts'" could support a rational basis for the revised Code's classification. *Donatelli v. Mitchell*, 2 F.3d 508, 513 (quoting *FCC v. Beach Commc'ns*, 508 U.S. 307, 313 (1993)).

b. Due Process

To properly allege a claim for violation of procedural due process, plaintiffs were required to aver that (1) they were deprived of an individual interest encompassed by the Fourteenth Amendment's protection of life, liberty, or property; and (2) that the procedures available did not provide due process of the law. *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006). We need not reach the question of available procedures, because plaintiffs fail to allege a property interest in their use of their law degrees in connection with secondary employment as lawyers.

The Fourteenth Amendment's procedural due process component does not protect every benefit in which employees claim an interest. To establish a protectable property interest, a plaintiff must show "more than an abstract need or desire for it. He must have more than unilateral expectation of it. He must, instead, have a legitimate claim of

6

entitlement to it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).

Entitlements may be created expressly by state laws or regulations or may arise from

government policy or a "mutually explicit understanding between a government

employer and employee." *Carter v. City of Philadelphia*, 989 F.2d 117, 120 (3d Cir.

1993). "Longevity alone" does not create a property interest. *Hadley v. Cty. of DuPage*,

715 F.2d 1238, 1244 (7th Cir. 1983).

The District Court properly rejected plaintiffs' alleged property interest in

secondary employment as lawyers. It focused on the absence of evidence that the state

openly encouraged the Troopers to attend law school for the purpose of attaining

secondary employment as lawyers. Further, it reasoned that the combination of the pre-

2007 ethics Code, which merely permitted plaintiffs to engage in outside legal

employment, and a general education subsidy from the state that plaintiffs used to go to

law school was not enough to give rise to a legitimate entitlement to secondary legal

employment.[6]

Plaintiffs also claim that the District Court mischaracterized their property interest,

urging that the revised Code wholly deprived them of the ability to practice law, not just

---

[6] This case is distinguishable from *Stana v. Sch. Dist. of City of Pittsburgh*, 775 F.2d 122 (3d Cir. 1985), where we found that a teaching applicant had a constitutional property interest in remaining on an eligibility list, where retention on the list was a prerequisite for placement in a teaching position. We explained that a property interest was created by the combination of the School District's hiring policies and specific, explicit assurances from school officials that a person placed on the list would not be removed for four years. Here, by contrast, there is no allegation that the State Troopers received assurances that they would be permitted to engage in secondary legal employment indefinitely if they attained their law degrees.

7

of the ability to engage in secondary legal employment.  However, the Code only prohibited the plaintiffs from practicing law *while they were employed as State Troopers*, so this argument lacks merit.  Plaintiffs retained their right to practice law; they just could not be Troopers while doing so.  The District Court properly analyzed plaintiffs' alleged property interest as an interest in secondary employment and came to the conclusion, which we will not disturb, that plaintiffs' property interest was not constitutionally cognizable for purposes of the Due Process Clause.

Accordingly, we will affirm the District Court's dismissal of the State Troopers' complaint.